* Parker, C. J.
It would be a reproach to the law, if the plaintiff could recover the stipulated price" of the work which he undertook to perform, when, by the evidence in the case, it manifestly appears that the defendants would be entitled to a larger sum from him, as damages for the non-performance of his contract with them. He engaged to erect the bridge of proper materials, and in a workmanlike manner. The verdict of the jury proves that he has not performed this contract; and the evidence reported shows a good foundation for such a verdict.
It is now urged that he may recover the sum agreed upon, and that the defendants must sue him for their damages.
There are cases in the books in which this course has been held to be necessary. Such is that of Everett vs. Gray & Al. But there the gunlocks, which were the subject of the contract, had *246 been received, and afterwards proved to be defective; and it was thought that the defendants could not be permitted to show the defect, although arising from fraud in the plaintiff, against his claim for the consideration according to his contract.
The law of that case has since been questioned; and we are certainly not disposed to extend it to cases not exactly similar. (a) The ground of the decision was, that the gunlocks were accepted without objection at the time. Now, in the case at bar, there has been no acceptance of the bridge, nor could there have been, without some corporate act on the part of the defendants. The mere passing over the bridge was the act of individuals ; and the repairing of it was a work of necessity, the town being obliged to have a passage over the stream. The act of repairing by the selectmen cannot, for the same reason, be construed into an acceptance of the bridge in its imperfect state.
We therefore think the defence set up is sufficient upon the special count; and as the case negatives the supposition that any of the materials prepared by the * plaintiff went to the use of the town, the other counts are not supported, (b)

Judgment on the verdict.

 [Chapel vs. Hicks, 2 C. & M. 214. — Men vs. Cameron, 1 C. & M. 832. — Harrington vs. Stratton, 22 Pick. 510. — Parish vs. Stone, 14 Pick. 198. — Ed.]

 [Stark vs. Parker, 2 Pick. 267. — Shepherd vs. Temple, 3 N. H. 455. — Duncan vs. Blundell, 3 Stark. Rep. 6. — Olmstead vs. Beale, 19 Pick. 528. — Wellington vs. West Boylston, 4 Pick. 103. — Hill vs. Green, 4 Pick. 114. — Moses vs. Stevens, 2 Pick. 332.—Hayward vs. Leonard, 7 Pick. 181. — Phelps vs. Sheldon, 13 Pick. 50.— Smith vs. First Society in Lowell, 8 Pick. 178. — Deusen vs. Blum, 18 Pick. 231. — Holingshead vs. Macker, 13 Wend. 276. —Morris vs. Windsor, 3 Fairf. 293. — Ed.]