The opinion of the Court was afterward drawn up by
Parker C. J.
In this case there is a great array of authorities on both sides, from which it appears very clearly that different judges and different courts have held different doctrines, and sometimes the same court at different times. The point in controversy seems to be this ; whether when a party has entered into a special contract to perform work for another, and to furnish materials, and the work is done and the materials furnished, but not in the manner stipulated for in the contract, so that he cannot recover the price agreed by an action on that contract, yet nevertheless the work and materials are of some value and benefit to the other contracting party, he may recover on a quantum meruit for the work and labor done, and on a quantum valebant for the materials. We think the weight of modern authority is in favor of the action, and that upon the whole it is conformable to justice, that the party who has the possession and enjoyment of the materials and labor of another, shall be held to pay for them, so as in all events he shall lose nothing by the breach of contract. If the materials are of a nature to be removed and liberty is granted to remove them, and notice to that effect is given, it may be otherwise. But take the case of a house or other building fixed to the soil, not built strictly according to contract, but still valuable and capable of being advantageously used, or profitably rented, — there having been no prohibition to proceed in the work after a deviation from the contract has taken place, — no absolute rejection of the building, with notice to remove it from the ground ; it would be a hard case indeed if the builder could recover nothing.
And yet he certainly ought not to gain by his fault in violating his contract, as he may, if he can recover the actual value ; for he may have contracted to build at an under price, or the value of such property may have risen since the contract was entered into. The owner is entitled to the benefit of the contract, and therefore he should be held to pay in damages only so much as will make the price good, deducting the loss or damage occasioned by the variation from the con *191 tract. As in the case of Smith against the proprietors of a meetinghouse in Lowell, determined at March term 1829, in Suffolk.[1]
The cases cited from our own books, which are supposed to militate against this doctrine, are not of that character.
In the case of Faxon v. Mansfield, and Holbrook his Trustee, 2 Mass. R. 147, it was decided that Holbrook owed Mansfield nothing, because Mansfield, having contracted to build a barn, voluntarily left it unfinished, and the sum remaining unpaid was not more than sufficient to pay for the labor necessary to finish it.
In the case of Taft v. The Inhabitants of Montague, 14 Mass. R. 282, the bridge was so built as to be useless, and there was no evidence that the materials came to the hands of the defendants.
In the case of Stark v. Parker, 2 Pick. 267, the plaintiff was not allowed to recover on a quantum meruit, because he had stipulated to labor for a year, and before the expiration of the time, voluntarily and without fault of Parker, left his service.[1]
These are very different from cases like the present, where the contract is performed, but, without intention, some of the particulars of the contract are deviated from.
It is laid down as a general position in Buller’s Nisi Prius, 139, that if a man declare upon a special contract and upon a quantum meruit, and prove the work done but not according to the contract, he may recover on the quantum meruit, for otherwise he would not be able to recover at all. Mr. Dane (vol. 1, p. 223,) disputes this doctrine, and thinks it cannot be law unless the imperfect work be accepted. Buller makes no such *192 qualification ; and yet it would seem to be reasonable that if ^e ^ing contracted for was a chattel, the party for whom it was made ought not to be held to take it and pay for it, unless it is made according to the contract, as a ship, a carriage, &c. ; and this principle seems to be of common use in regard to articles of common dealing, such as wearing apparel, tools and implements of trade, ornamental articles, furniture, &c. There seems to be, however, ground for distinction in the case of buildings erected upon the soil of another, for in such case the owner of the land necessarily becomes owner of the building. The builder has no right to take down the building, or remove the materials ; and though the owner may at first refuse to occupy, he or his heirs or assignees will eventually enjoy the property. And in such cases the doctrine of Buller is certainly not unreasonable. The case put by Buller to illustrate his position, is that of a house built on contract, but not according to it.
187
Mr. Dane’s reasoning is very strong in the place above cited, and subsequently in vol. 2, p. 45, to show that the position of Buller, in an unlimited sense, cannot be law ; and some of the cases he puts are decisive in themselves. As if a man who had contracted to build a brick house, had built a wooden one, or instead of a house, the subject of the contract, had built a barn. In these cases, if such should ever happen, the plaintiff could recover nothing without showing an assent or acceptance, express or implied, by the party with whom he contracted. Indeed such gross violations of contract could not happen without fraud, or such gross folly as would be equal to fraud in its consequences. When we speak of the law allowing the party to recover on a quantum meruit or quantum valebant, where there is a special contract, we mean to confine ourselves to cases in which there is an honest intention to go by the contract, and a substantive execution of it, but some comparatively slight deviations as to some particulars provided for. Cases of fraud or gross negligence may be exceptions.
In looking at the evidence reported in this case, we see strong grounds for an inference that the defendant waived all exceptions to the manner in which the work was done. He seems to have known of the deviations from the contract, — *193 directed some of them himself, — suffered the plaintiff to go on with his work, — made no objection when it was finished, nor until he was called on to pay. But the case was not put to the jury on the ground of acceptance or waiver, but merely on the question, whether the house was built pursuant to the contract or not; and if not, the jury were directed to consider what the house was worth to the defendant, and to give that sum in damages. We think this is not the right rule of damages ; for the house might have been worth the whole stipulated price, notwithstanding the departures from the contract. They should have been instructed to deduct so much from the contract price as the house was worth less on account of these departures.[1]
And upon this ground only a new trial is granted.

 Reported in 8 Pick. 178. See also Norris v. Windsor, 3 Fairfield, 293; Hollingshead, v. Mactier, 13 Wendell, 276; Newman v. M'Gregor, 5 Hammond, 351; Hayden v. Madison, 7 Greenl. 76; Albany Dutch Church v. Bradford, 8 Cowen, 457; Dubois v. Del. & Hud. Canal Co. 4 Wendell, 285; Wadleigh v. Sutton, 6 N. Hampsh. R. 15 ; Jewett v. Weston, 2 Fairfield, 346; Leggett v. Smith, 3 Watts, 331; Shaw v. Lewistown Tump. Co. 3 Pennsylv. R 445; Chltty on Contr. (4th Am. ed.) 449 to 452, notes.

 Sec Chitty on Contr. 458, note 1, and cases there cited ; Philbrook v. Belknap, 6 Vermont R. 383; Hair v. Bell, 6 Vermont R. 3b But see Britton y. Turner, 6 N. Hampsh. R. 481.

 See Wadleigh v. Sutton, 6 N. Hampsh. R. 15; Jewett v. Weston, 2 Fair-field, 346 ; Leggett v. Smith, 3 Watts, 331; Newman v. M'Gregor, 5 Hammond, 351; Phelps v. Sheldon, 13 Pick. 50.