## CHESTER W. OLMSTEAD *versus* JONATHAN BEALE.

If the plaintiff, having agreed to work for the defendant for a definite period, volun-
    tarily leaves the defendant's service without any fault on the part of the defendant
    and without his consent, before the expiration of the term, he cannot recover
    either on the express contract or on a *quantum meruit*, for the labor actually per
    formed by him.

ASSUMPSIT to recover the balance of the pay for five
months' labor performed by the plaintiff as a hired man on the
defendant's farm.

At the trial in the Common Pleas, before *Strong* J., the
defendant introduced evidence that the plaintiff made a special
contract to labor for him for the term of six months; and that
the plaintiff voluntarily left his service before the expiration of
the term, without his leave or consent. The plaintiff contend-
ed, that if these facts were proved, still he was entitled to re-
cover what his services were reasonably worth, deducting any
damages which the defendant sustained by reason of the plain-
tiff's leaving his service within the time. But the court in-
structed the jury, that if the evidence reasonably satisfied them
that such a contract was made, and that the plaintiff voluntarily
left the defendant's service within the six months without his
leave or consent, their verdict should be for the defendant.
The jury found a verdict for the defendant. To this instruc-
tion the plaintiff excepted.

*Nov. 4th.*      *Churchill*, in support of the exceptions, cited *Hayward* v
*Leonard*, 7 Pick. 181 ; *Smith* v. *First Congr. Meetinghouse
in Lowell*, 8 Pick. 178 ; *Phelps* v. *Sheldon*, 13 Pick. 50 ;
*Britton* v. *Turner*, 6 N. Hamp. R. 485.

*Clarke*, for the defendant.

*Nov. 5th.*     MORTON J. The plaintiff cannot recover on his express
contract, because he has not executed it on his part, and the
performance is a condition precedent to the payment. He
cannot recover on a *quantum meruit*, for the labor he has per-
formed, because an express contract always excludes an im-
plied one in relation to the same matter.

These elementary principles admit of no exceptions in favor
of any class or description of persons. Laborers, and espec-
ially that most improvident part of them, sailors, may excite

sympathy ; but in a government of equal laws, they must be subject to the same rules and principles as the rest of the community ; and a court of justice is almost the only place where sympathy should have no influence.

The above doctrine of the law of contracts prevails in all c vilized countries ; and is supported by an unbroken chain of decisions in England, our sister States and our own. From the first volume of Tyng to the last of Pickering, adjudications will be found recognizing, but none questioning the doctrine. *Faxon* v. *Mansfield*, 2 Mass. R. 147 ; *Taft* v. *Montague*, 14 Mass. R. 282 ; *Phelps* v. *Sheldon*, 13 Pick. 50.

The case of *Stark* v. *Parker*, 2 Pick. 267, [see 2d ed. 275, 276, notes,] is exactly in point, and is not distinguishable from the case at bar by the slightest shade of difference. That case was well considered, has never been doubted, but very often recognized as unquestioned law. *Moses* v. *Stevens*, 2 Pick. 335 ; *Willington* v. *West Boylston*, 4 Pick. 103. If there be any case which seems to conflict with it, it is *Britton* v. *Turner*, 5 N. Hamp. R. 485. This probably may be reconciled with it, but if not, we can have no hesitancy in adhering to our own decisions, supported as they are by principle and a long series of adjudications.

The cases of *Hayward* v. *Leonard*, 7 Pick. 181, and *Smith* v. *The First Congr. Meetinghouse in Lowell*, 8 Pick. 178, are neither incompatible with, nor exceptions to, the rule. It will be found in these and other similar cases, that there was an express or implied assent to the deviations from the contract, or a *substantial* performance of it. The equitable principle which governs them, and which itself is of recent introduction, only extends to unimportant accidental and unintentional deviations, which, from the differences of opinion that so often exist in relation to the exact requisitions in the details of a special contract, had become indispensable to the administration of justice in such cases. But where there is an important and voluntary deviation or omission from the contract, the doctrine of *Faxon* v. *Mansfield* will apply, and the contractor can have no remedy for the materials furnished and the services performed.

*Exceptions overruled, and judgment on the verdict*