## LEMUEL HIGBY *vs.* ROBERT UPTON.

Where A. and B. agreed that A. should take back a lot of hides which he had sold and delivered to B., and should pay B. for his labor expended on them in the process of manufacturing them into leather, and B. brought an action against A. on this agreement, to recover for such labor, and the parties by a rule of court referred " the action, and all demands connected with the same," to the determination of K.; it was held, that K. had authority to consider and decide upon the claim of A. against B. for the value of such portion of the lot of hides as was sold and delivered by him to B. and not returned by B. to him.

ON the 2d of May 1837, the parties to this action made and signed an agreement in these words : " It is agreed that Mr. Upton takes the stock which Lemuel Higby had of him, and James C. Stimpson shall decide how much Mr. Upton shall pay for labor, bark, &c. expended on the same by said Higby, in the process of manufacturing into upper leather and its betterments." The plaintiff brought an action on this agreement, to recover for labor done by him on 1263 sides of leather, which, as he averred, constituted " the stock" in said agreement mentioned. After the action came into this court, the parties re ferred it, " and all demands connected with the same," to the determination of J. G. King, Esq. under a rule of court. The award of the referee concluded thus : " That there is due to said Upton from said Higby, upon all the demands submitted to the referee, a balance of $44·45, and that the said Upton recover the same of said Higby. The claim of said Upton against said Higby, for the value of thirty-nine hides, delivered to said Higby and not returned to said Upton, was considered by the referee, in finding the above balance against said Higby."

At the last April term, the defendant moved that the award should be accepted by the court. The plaintiff resisted this motion, and it was brought before the full court, upon the question whether the referee was " authorized to include all the matters contained in his report." If not, then the award was to be set aside, and such disposition made of the case as the court might order.

*Proctor*, for the plaintiff.

*Wheatland*, for the defendant.

VOL. III.     ·     27

SHAW, C. J.   On motion for the acceptance of an award, the question is, whether the referee, under a rule of court, ex ceeded his authority.

The action was brought by Lemuel Higby against Robert Upton upon a special contract, signed by both.   It was a mutual agreement, by which Upton agreed to take back the stock of hides which Higby had before had of him, and to pay for the labor, bark, &c. expended on the same by Higby, in the process of manufacturing the same into leather and its betterments.   This was an entire, as well as a mutual contract.   As Upton agreed to take the stock, by necessary implication Higby agreed to deliver it to him, and to deliver the whole to him.

The contract is brief and inartificial.   We understand by it, that Upton had previously sold a stock of raw hides to Higby ; that Higby had not paid for them ; and that, after he had commenced manufacturing them into leather, Upton agreed to take them back, and pay such sum for betterments as Stimpson should decide to be right.

.  An action was brought by Higby on this contract, declaring on it specially, to recover his compensation for work and labor done on 1263 sides of leather, at 25 cents a side.   This action being pending in this court, the parties, by a rule of court, agreed "to refer this action, and all demands connected with the same," to Mr. King, in the usual form.  It appears by Mr. King's award, that having considered the claim made by Higby, for the labor and materials expended on the leather, he proceeded to take into consideration a claim of Upton against Higby for a non-delivery of a part of the same hides, which constituted the subject of the agreement, and on the whole, found a balance in favor of the defendant.   The objection is, that the latter claim was not within the scope of his authority.

Formerly it was held, that when a party claimed on an entire contract, he must show an entire performance on his part.   This rule was long since relaxed, and especially in relation to compensation for building and other labor on real estate ; and it was held, that a party might recover, if he had on the whole done beneficial service for the defendant, after deducting all allowances for the

non-performance of the contract.    *Taft* v. *Montague*, 14 Mass.
282.    *Hayward* v. *Leonard*, 7 Pick. 181.    *Brewer* v. *Tyring-
kam*, 12 Pick. 547.    The same rule is now held in England.
*Thornton* v. *Place*, 1 M. & Rob. 218.    It proceeds on the
ground, that a counter claim, for damage arising out of the
same contract, is good ground of defence to an action on the
contract.    So in an action for the price of property delivered
and accepted in pursuance of a contract of sale of a larger
quantity, the defendant may give in evidence any demand for
damages, for non-performance of the contract on the plaintiff's
part.    *Bowker* v. *Hoyt*, 18 Pick. 555.    And in general, when
one sues for work and labor, the defendant, to avoid circuity of
action, may give in evidence any neglect or want of skill or dil-
igence in performing the service.

So far, therefore, as the defendant could show non-perform-
ance of the contract on the part of the plaintiff, it was good
evidence in defence, and would have been competent, had the
action alone been referred, without embracing any other de-
mands.    But other demands were embraced, and what they were
is a question of construction of the agreement to refer.    That
some demands, beyond the claim made in the action, and such
as would come directly in defence, were intended to be submit-
ted, is obvious ; otherwise, the words " and all demands con-
nected with the same " would have been superfluous.    We
think they must mean any demand, which in any mode might
be drawn in question and tried in that action ; and this embraces
any demand arising out of the same contract, or any demand
which might be the subject of a set-off.    Every such claim is a
demand connected with the action.    For though not filed, it was
competent for the court to allow it to be filed.    Rev. Sts.
c. 96, § 16.    But the consent to refer superseded the necessity
of actually filing the account ; because, being a demand con-
nected with the action, and arising out of the contract on which
the action was brought, it was embraced in the terms of the
rule.

We are therefore of opinion that the referee acted within
the scope of his authority and that the report he accepted.