MARY WADSWORTH, *Adm'x. versus* GREENLEAF SMITH *& al.*

A partial failure of the consideration of a negotiable promissory note, given for goods sold and delivered, is a good defence, *pro tanto*, in a suit between the parties to the note.

ASSUMPSIT upon a promissory note, dated Feb. 7, 1837, given by the defendants to the intestate, John Wadsworth, or to his order. The defendants, at the trial before WHITMAN C. J. offered to prove, that owing to some mistake or misrepresentation, made by the payee at the time of the making of the note, they ought not to be held beyond the amount paid and indorsed on the note. The plaintiff objected to the admissibility of such proof. The objection was overruled and the evidence was admitted. The note was given for a quantity of pine timber. On the return of a verdict for the defendants, the plaintiff filed exceptions.

*Codman,* for the plaintiff, said that the only question here was, whether the partial failure of the consideration of a note can be given in evidence at the trial in reduction of damages. This is not an action for the price of an article sold, where it seems such testimony would be admissible, as is contended in the note to *Stevens* v. *McIntire,* 2 Shepl. 18. There is a distinction between that case and this which is on a negotiable promissory note. He admitted that there was some conflict in the authorities, but contended that the balance was on his side. 1 Campb. 40, and note ; 2 Campb. 346 ; 2 B. & P. 155 ; 1 M. & M. 483 ; 9 Moore, 159; 1 Stark. R. 51 ; 12 Wheat. 183 ; 12 Conn. R. 234 ; 3 Ohio R. 285 ; 2 Bibb, 379 ; 14 Pick. 210 ; 21 Maine R. 155. The admission of such evidence would operate as a surprise upon the plaintiff, and on principle should not be admitted.

*Howard,* for the defendant, said that the authorities on the point, how far and under what circumstances, the partial failure of consideration of a note is a good defence to it, are very numerous, and in some measure conflicting. The tendency in England and in this country of late has been to admit the defence. From the authorities certain conclusions may be deduced.

1. The partial failure of the consideration of a bill or note, will constitute a defence, *pro tanto,* if the amount to be deducted on that account be a matter of definite computation.

2. Inadequacy of consideration even, where there is a warranty or fraud, is a defence.

3. There must be fraud, mistake, or illegality in order to impeach the consideration, totally or partially ; and where either exists, it is competent to prove it in bar.

He cited 2 Campb. 347 ; 2 Stark. R. 270 & 145; Bayley on Bills, 531 ; 2 Kent, 473 ; 9 B. & C. 758; 8 Greenl. 404 ; 14 Maine R. 14 ; 3 Pick. 457; 14 Pick. 209 & 293 ; 22 Pick. 260 ; 4 Metc. 573 ; 8 Johns. R. 96 ; 13 Johns. R. 238 ; 15 Johns. R. 230 ; 8 Cowen, 34 ; 4 Wend. 492 ; 11 Wend. 9 ; 13 Wend. 605 ; 2 Hill, 606.

The opinion of the Court, TENNEY J. not hearing the argument, and taking no part in the decision, was drawn up by

SHEPLEY J. — The only question presented for the consideration of the Court in this case is, whether a partial failure of the consideration of a negotiable promissory note, given for goods sold and delivered, will be a good defence, *pro tanto*, in a suit between the parties to the note. It is well known, that there is a conflict of authority and that the law is differently administered in different States. In the case of *Obbard* v, *Betham*, 1 M. & M. 483, Lord Tenterden stated, that the distinction between an action for the price of the goods, and an action on the security given for them was completely established. That in an action for the price, the value only could be recovered. That in an action on bills given for them the plaintiff could recover, "unless there has been a total failure of consideration." No good reason for such a distinction has been presented. Why should the payee recover the full amount of the bill, when it is perceived, that he will be obliged to return a part of that amount upon a recovery against him by the defendant in another suit, and that suit arising out of no covenant of a higher nature, and expressly affording a remedy, as it would in the case of a suit upon a note given for the price of real estate conveyed? It is no sufficient reason to allege, that he might be surprised by the defence of a partial failure of the consideration; for it is admitted, that he must expect to be prepared for the defence of a total failure; and one can rarely occasion greater surprise than the other. Courts are to be presumed so to administer the law as to prevent injustice by the surprise of a defence, which could not have been anticipated. It is not perceived, that there can be more difficulty or inconvenience in receiving and acting upon the testimony to prove a partial failure of consideration, when the suit is upon the bill or note, than when it is for the price of goods sold and delivered. In both cases, by admitting the defence, circuity of action may be avoided. There may not unfrequently be absolute injustice in the exclusion of such a defence. The promisee or payee may be destitute of all other property

than the bill or note, or be otherwise so situated, that to refuse to admit such a defence is for all beneficial purposes to refuse all means of redress to the party aggrieved. The decided cases in this State have authorized such a defence. *Folsom* v. *Mussey*, 8 Greenl. 400; *Stevens* v. *McIntire*, 2 Shepl. 14. By allowing it, injustice may be prevented and circuity of action avoided. There is little reason to expect, that the administration of justice would be improved by the adoption of a different rule.

*Exceptions overruled.*