Bouker et al. v. Randles et al.

BEASLEY, C. J., and VREDENBURGH, J., concurred.

BOUKER & WOOD v. RANDLES, HELM & CO.

1. In an action of *assumpsit* founded on a special agreement for the stipulated price of an article which has been made and delivered, the vendee can show as a defence *pro tanto*, that the consideration has partially failed, although such failure of consideration may be indefinite in amount.
2. A party made a steam engine by contract for a stipulated price, and put it in the boat of the purchaser. *Held*, that in a suit on this special agreement for the price agreed on, it was competent for the defendant to show, in diminution of damages, defects in the engine and its want of correspondence with the agreement.
3. Whether such defence would be admissible if a promissory note, given for the price of the article, had formed the basis of the suit ?  *Query.*

In this case a steamboat, the property of the defendants, was seized under the act to facilitate the collection of demands against ships, steamboats, and other vessels, and bond having been given according to the statute, the plaintiffs brought suit against the defendants, and claimed the contract price of a steam engine, which they alleged was built by them and afterwards placed in the defendants' steamboat. The contract for the engine was in writing, but not under seal.

The defendants having given notice with their plea, that they would give in evidence and insist on the trial that the engine did not conform to the contract, and was insufficient and defective, offered proof of the same to the jury upon the trial of the issue ; the · offer was objected to by the

plaintiffs and overruled by the court—whereupon a verdict was rendered against the defendants for the whole of the contract price.

A rule to show cause why the verdict should not be set aside was allowed—and argued at the last term.

For the motion, *C. H. Winfield* and *A. O. Zabriskie.*

Contra, *W. Strong* and *W. H. Leupp.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a motion for a new trial. The suit originated in the attachment of a boat, the property of the defendants, by force of the statute of this state, facilitating the collection of demands against ships and other vessels. *Nix. Dig.* 529.* The defendants having appeared and given bond, the pleadings were conducted in conformity with the requirements of the act. It appeared that the plaintiff's claim was for the contract price of a steam engine built by them and put into the boat of the defendants. The agreement for the engine was in writing, not under seal. The defendants, with their plea, gave notice they would insist at the trial that the engine fell short of the article described in the contract, and was defective in many particulars.

At the trial the defendants offered to verify the statements in this notice, and to show the defects of the engine and its want of correspondence with the written agreement. This offer being overruled by the court, the plaintiffs recovered the full amount of the price of the engine, as stipulated in the written contract. The action of the court in rejecting this defence is the principal ground for the present motion.

The problem for solution is, whether, in a suit founded on a special agreement for the stipulated price of an article which has been made and delivered, the vendee can show as a defence, *pro tanto*, that the consideration has partially failed, such failure of consideration being indefinite in amount.

*Rev., p. 586.

This question has been variously decided at the circuits, and has nevea been, in its present aspect, passed upon by this court, and as it is, in practice, of frequent recurrence, it is of some importance to have it finally settled.

In England at the present day, the defence offered and thrown out on the trial of this case, would be admitted. The old rule was the exact opposite to that which now prevails in the courts of that country. Originally, it was held that whenever work was performed under a special contract and such work was accepted, the stipulated price of the work must be paid, and the party paying such price must resort to a cross action for indemnification. The early cases were *Browne* v. *Davis*, cited in note in 7 *East* 479 ; *Temple* v. *McLachlan*, 2 *N. R.* 136 ; and in these it was held, with great directness, that unless the defendant could show that he had derived no benefit whatever from the work done by contract, he could not set up the mere deficiency in the consideration. This doctrine was soon changed, and in the year 1806 the modern English rule was established by the decision of the King's Bench in *Basten* v. *Butter*, 7 *East* 479. The action for *assumpsit* for work, labor and materials, brought by a carpenter who had been employed by the defendant to roof a building. At Nisi Prius the defence was, that the work had been done in a grossly improper manner. This defence was rejected on the authority of the previous cases, but the court in bank set aside the verdict, which was for the plaintiff, on the ground that this evidence should have been admitted. This decision has always been regarded as the leading one on this subject, and has been followed by a long line of cases extending down almost to the present time. It is not necessary that I should burthen this page with reference to these precedents, as they will be found collected in an elaborate review of the whole subject, in a note appended to *Cutter* v. *Powell*, 2 *Smith's Lead. Cases* 16.

The English rule thus established has, to a certain extent, been heretofore adopted by this court. The case to which allusion is made is that of *Marshall* v. *Hann*, 2 *Harr.* 425.

The action was *assumpsit* for work and labor, but it appeared
on the trial, that such services were done by force of a special
agreement between the parties. In the opinion of the court,.
delivered by Chief Justice Hornblower, it is laid down as a
principle of law too well settled to be called in question,.
" that in such an action it is competent for the defendant to·
show that the services have not been performed in the man-
ner specified in the agreement." And in support of the posi-
tion, the case of *Basten* v. *Butter* and numerous other later
English decisions are cited. This adjudication, I conceive,
establishes in this state the rule, that when the action is in
the common courts in *assumpsit*, the defence that the work
or the materials did not correspond with the special agree-
ment, is admissible. The only point, therefore, which is left
unsettled is, whether the rule is different when the action is
founded, not on the agreement which the law implies from
the entire transaction, but on the particular contract which.
the parties have themselves effected.

I am aware that this distinction has been made, but I con-
fess there seems to me little in correct theory, which will
give it solid support. It is, perhaps, most ingeniously stated.
by Mr. Wallace, in the American note to the case of *Cutter* v..
*Powell*, already referred to. He thus defines the position :
" But if the performance has been according to the terms of
the contract, and has resulted in an available and practicable
work of the kind required, so that the plaintiff is capable of
maintaining his special action at all, he is entitled at common·
law to recover the whole consideration fixed by the contract,
and the defendant must resort to his cross action to recover·
damages for faults in the manner of performance or for
breaches of warranty." The only authority referred to in
support of this hypothesis is that of *Everett* v. *Gray et al.,* 1
*Mass.* 102, but the decision in that case appears to have been
little considered at the time it was made and has since been
repeatedly overruled by the learned court in which it was
rendered. *Dodge* v. *Tileston,* 12 *Pick.* 333. Mr. Wallace
seems to be also of the opinion that the distinction for which

he contends is warranted by the complexion of the English cases, and in this view Professor Greenleaf appears, to a certain extent, to concur. But a careful examination of the series of determinations on this subject will entirely explode this theory. It is true, that in some of the ancient cases at Nisi Prius there are a few dicta which, in some measure, may be said to countenance the distinction—but I have met no case which has ever been decided upon that basis; but, on the contrary, on almost all the occasions when the question has arisen, the language of the court has been general and unqualified, admitting the propriety of the defence of defective performance of the contract by the plaintiff, without at all adverting to the state of the pleadings. In addition to this incidental sanction of the rule in its general form, we also find a number of cases founded on the special agreement, in which the defence was actually admitted, and the distinction in question was not even alluded to, either by the court or counsel.

Neither do I think that the doctrine under discussion can be supported upon general reasoning. The theory upon which it must rest is founded in a fallacy—for it goes upon the idea that the plaintiff can recover on his special agreement when he cannot show complete performance. But the rule of law is directly the converse. It is the settled doctrine, that where the action is special *assumpsit* on the express contract there can be no recovery, unless exact performance by the party setting up such contract, of all his substantial stipulations can be shown. The burthen is on the plaintiff to establish a complete performance of the agreement on his part, so far as the same is involved in the controversy, and in this form of the pleadings, it is not enough that it appears that he has done some valuable service for the defendant. And if the plaintiff fail in the proof of his perfect compliance with the contract, he cannot sustain himself on the special count, but must resort to the promise implied by the law, in case the defendant has accepted the work which has been done, though not in accordance with the mode agreed upon.

The case of *Chapel* v. *Hickes*, 2 *Cromp. & Mee.* 214, affords an illustration of the rule above stated, and is also a recent recognition of the prevalence of such rule in the English law. The action was *assumpsit* on a special contract for erecting certain buildings, with the common indebitatus count for work, labor, and materials. It appeared in the evidence that the work and building were not equal to what the defendant had contracted for, and the plaintiff insisted that the defendant was not entitled to give evidence in reduction of the damages, that the work was improperly done, but that he must resort to his cross action. But Lord Lyndhurst thus forcibly states the legal rule : "If the plaintiff has not performed the work in the manner in which, by the contract, he agreed to do, he cannot recover on the contract, but must recover on the other counts in his declaration for the work which he has done. Suppose, in a contract to build the house of Baltic timber, the contractor builds it of timber of a different description, upon what principle is he entitled to recover except for work, labor, and materials ? It cannot be consistent with reason that a party who has not performed his contract should recover the full amount for which he has stipulated, and that the other party should be driven to a cross action against him for not performing the work according to contract."

The following cases will be found, on examination, to be authorities directly in point in favor of the same general rule. *Gregory* v. *Mack*, 3 *Hill* 380 ; *Taft* v. *The Inhabitants of Montague*, 14 *Mass.* 282 ; *Allen and another* v. *Cameron*, 1 *Cromp. & Mee.* 832 ; *Poulton* v. *Lattimore*, 9 *B. & C.* 259 ; *Okell* v. *Smith*, 1 *Stark. R.* 107 ; *Mondel* v. *Steel*, 8 *M. & W.* 858 ; *Newton* v. *Forster*, 12 *M. & W.* 772.

Nor, practically considered, has the distinction above discussed anything to recommend it. If it be true that a partial failure of consideration is admissible when the general counts are alone pleaded, but that it will be excluded in case of a special count, the consequence is that the whole affair is put in the hands of the party suing; he can so frame his ac-

tion as either, at his option, to let in or shut out the defence. But this result is certainly most unreasonable, for the rule admitting the defence has been adopted by the courts to avoid a multiplicity of suits, and from the persuasion that its rejection would oftentimes eventuate in gross injustice. It ought not, therefore, to be in the competence of either party to dispense at will, with a rule of practice thus founded in considerations of justice to the parties and of general convenience.

My conclusion is, that either in general or special *assumpsit* a partial failure of consideration, though indefinite in amount, is, as far as it goes, a legal defence to such action. In my opinion, therefore, the defence which was offered in this case and overruled, ought to have been admitted.

Whether such a line of defence is available when a note, which has been given for the work done or materials furnished, forms the basis of the suit, it is not necessary now to determine. Under such circumstances, in England, the defence is not admitted, and such heretofore has been the practice in this state. *Allen* v. *Bank of U. S., Spencer* 624; *Starr* v. *Torry*, 2 *Zab.* 190; *Bennington* v. *Corwin*, 4 *Zab.* 257. When the suit is between the original parties to the note, or is brought by an endorsee with notice, there appears to be no substantial reason why the failure of consideration should not be permitted to be shown; and such is the practice which prevails in most of the American courts. *Spalding* v. *Vandercook*, 2 *Wend.* 431; *Harrington* v. *Stratton*, 22 *Pick.* 510; *Peden* v. *Moore*, 1 *Stew. & Port.* 71; *Wadsworth* v. *Smith*, 23 *Maine* 562; *Hills* v. *Bannister*, 8 *Cow.* 31; *Wade* v. *Scott*, 7 *Mis.* 509; *Barr* v. *Baker*, 9 *Mo.* 84 ). But this point is not now before this court.

On the ground above specified, a new trial should be granted.

Ordered accordingly.

CITED in *Wyckoff* v. *Runyon*, 4 *Vroom* 109; *Newman* v. *Fowler*, 8 *Vroom* 91; *Wakeman* v. *Illingsworth*, 11 *Vroom* 433.