PATRICK L. WATTS *vs.* JESSE GARRETT.—*December,* 1831.

In an action of a replevin for a negro slave, the plaintiff proposed to prove by his former guardian, that the negro in controversy was the plaintiff's property; but it appearing, that this negro constituted a part of the plaintiff's estate during his minority, and during one period thereof had been in the witness's possession, the *County Court* held the witness incompetent. Upon appeal this was reversed.

When the competency of a witness is objected to on the ground of interest, the interest should appear. It should be seen by the court, in order that it may be able to determine its character, and whether it be such as to amount to a disqualification. It should not rest in mere conjecture or speculation, but should be certain and direct, and not possible only. Where the interest is of a doubtful character, the objection goes to the credit, and not the competency of the witness.

APPEAL from *Baltimore* County Court.

On the 9th of July, 1828, the appellant brought *Replevin*, against the appellee, to recover a negro slave, alleged to be the property of the appellant. The defendant pleaded, "*non cepit*" property in himself, and limitations, to which they were replications, and issues were joined.

1. At the trial the plaintiff offered *Margaret Willis* as a witness, by whom he proposed to prove, that the negro in controversy was his property ; but it being in proof, that the witness was guardian of the plaintiff, and that this negro was, during the plaintiff's minority, the property of the plaintiff, (which minority ended on the 1st September, 1827,) and during part of that minority in witness's possession, the defendant objected to her competency ; and the court, (ARCHER, Ch. J., and KELL, A. J.,) sustained the objection. The plaintiff excepted, and the verdict and judgment being against him, he appealed to the Court of Appeals.

The case was argued before BUCHANAN, Ch. J., EARLE, and DORSEY, J.

*C. Birnie, Jr.* and *Gill,* for the appellant, who cited, *Stark. Ev.* 744, 1729., 1798, *ch.* 101, *sub-ch.* 12, *sec.* 15.  *Stewart vs. Kip,* 5 *Johns.* 256.  *Abrahams vs. Bunn,* 4 *Burr.* 2255. *Mockbee vs. Gardner,* 2 *Harr. and Gill,* 176.

*Belt,* for the appellee, cited, *Act* 1798, *ch.* 101, *sub-ch.* 12. 2 *Stark on Ev.* 746, 747.  *Hungerford vs. Bourne,* 3 *Gill and Johns.* 137.

BUCHANAN, Ch, J., delivered the opinion of the court.

It does not appear in the bill of exceptions, and looking to the record only we are left to conjecture, on what ground the objection to the competency of the witness offered on the part of the plaintiff was made and sustained, and her testimony rejected by the court.  But we are informed

by counsel in argument, that she was interested in the event of the suit, and therefore incompetent. If it appeared, that the effect of her testimony would have been to rid herself of a responsibility, and to cast it upon the defendant, the objection to her competency was well taken. But we do not perceive, that she had any direct interest in the event of the suit, sufficient to disqualify her. If she had any such interest, what was it? The mere circumstance that she had been the guardian of the plaintiff, during his minority, (then passed) surely was not of itself sufficient; but it should have appeared, that she had incurred a liability during her guardianship, in respect of the property in controversy, which she might by her testimony have shifted to the defendant. But it is difficult to discover, what liability she could, by her testimony, have shaken from herself, and cast upon the defendant. The possession which it appears she had of the negro, during a part of the minority of the plaintiff, may have subjected her to a responsibility for the hire, or annual value of him; but that forms no part of the matter in controversy, and could not have been transferred to the defendant, by any testimony she could have given. On the contrary, being called to prove that the negro was the property of the plaintiff; if she did receive the hire or annual value of him, during the plaintiff's minority, and had not properly accounted for it, or it was lost by any culpable negligence, or inattention to her duty, the very evidence she was called to give, that he was the property of the plaintiff, was evidence going to fix her liability for such hire, or annual value, and so far against her own interest. When the competency of a witness is objected to, on the ground of interest, the interest should appear. It should be seen by the court, in order that it may be enabled to determine its character, and whether it be such, as to amount to a disqualification. It should not rest in mere conjecture or speculation, but should be shown to exist, and to be certain and direct, and not possible only. For the bare possibility of an action being brought against the

witness, furnishes no objection to his competency. And where the interest is of a doubtful character, the objection goes to the credit, and not to the competency of the witness. In this case, we do not perceive that the witness offered by the plaintiff, was shown to have had any certain and immediate interest, one way or the other. She was legally entitled to the possession of the property, during the minority of the plaintiff, in her character of guardian, if it belonged to him; and for any thing appearing to us, may have surrendered up the possession, when he attained his full age. But it has been suggested by counsel, that she may have abused her trust as guardian, and improperly parted with that possession during the minority of the plaintiff, or by some misconduct, have incurred a liability to be sued, for the value of the property, if the plaintiff should not recover against the defendant, in this action, and was therefore interested in sustaining the suit by her testimony.

It may be possible, but no such liability or misconduct has been shown; and we are not bound, or at liberty, merely for the purpose of rejecting her testimony, to presume that she did violate her duty; but rather, nothing appearing to the contrary, that she faithfully discharged it, and delivered the possession of the property to the plaintiff, when he became entitled to receive it. And the bare possibility that she may have rendered herself liable to an action, is not, we think, an objection to her competency. It is not like the case of *Hungerford vs. Bourne,* decided by this court, which has been referred to. In that case there was a clear and certain liability on the part of the witness, who had a manifest interest in sustaining the suit; whereas here, no liability is shown to exist.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.