# Wm P. Brooke, Adm'r *d. b. n. c. t. a.* of M. B. Carroll, *vs.* Wm. A. Quynn.

The *quantum meruit* and *valebant* counts are *unnecessary* in a declaration in *assumpsit*, and the same recovery may be had by the plaintiff, and the same *defences* relied on by the defendant, under the *indebitatus assumpsit* counts as under these counts.

In *assumpsit* for the *value* of *services*, the defendant with a view to the reduction of damages, may, under the general issue, without *notice* or plea of *set-off*, offer evidence that during the time of the rendition of the services he had *supported and maintained the plaintiff and his family.*

Evidence relative to the issue is admissible, though it be insufficient, unless followed by other proof, and when it is admitted and is not followed by proof establishing its sufficiency, the opposite party may, when the evidence is closed, obtain from the court an instruction to the jury to disregard it on the ground of its insufficiency.

A plea of *set-off* is only necessary where the *abatement* in the amount claimed by the plaintiff does *not* grow out, and *form part*, of the contract in which the claim of the plaintiff originated.

A witness who, together with the defendant's testator, was *surety* upon the *plaintiff's bond as collector*, on which bond judgments had been recovered, and executions issued, and levied on the property of the witness, and the plaintiff was proved insolvent, is nevertheless a *competent witness* for the plaintiff; his interest, if any, in the suit, or the fund, is entirely too remote and speculative to disqualify him.

The *mere* fact that the plaintiff was seen in a particular room where certain papers were kept, could not justify the jury in inferring, that at that time he fraudulently placed his receipt among such papers, for the purpose of using it to remove the bar of the statute of limitation to his claim against the estate to which such papers belonged.

Proof of the execution of a receipt by the plaintiff to the deceased executrix of the defendant's testator, is *prima facie* proof of the payment of the money therein mentioned, and until rebutted, is conclusive of the fact of such payment.

Appeal from the Circuit Court for Prince Georges county.

*Assumpsit,* brought on the 14th of October 1853, by the appellee, to recover services alleged to have been rendered by the plaintiff, to M. B. Carroll, deceased, during a number of years. The present trial was had under the *procedendo* issued by this court, upon the reversal of the judgment on the former appeal, which is reported in 10 *Md. Rep.*, 197.

The declaration contains the general *indebitatus assumpsit*

*counts,* but no technical *quantum meruit* count. The pleas were *non assumpsit,* and limitations.

1st *Exception.* After the plaintiff had offered evidence of the rendition of services by him to Carroll, in his life time, and of the value of such services per annum, the defendant offered to prove by a competent witness, that during the time of the rendition of such services, Carroll had supported and maintained the plaintiff, and his family, with a view to the reduction of the damages, and under the issue joined on the count for a *quantum meruit,* but the court, (CRAIN, J.,) was of opinion, that this evidence was inadmissible under the pleadings in the cause, and refused to permit it to go to the jury, and to this ruling the defendant excepted.

2nd *Exception.* The plaintiff offered Fielder Bowie as a witness to testify in his behalf, but the defendant objected to his competency as a witness, and prayed the court to exclude his testimony, upon the ground of his interest in the event of the suit, having first proved that he was the surety of the plaintiff, together with Carroll, the defendant's testator, upon the bond of the plaintiff as collector, (which bond is set out in the exception, and is in the usual form of such instruments, being to the State, in the penalty of $32,000, conditioned for the faithful performance, by the plaintiff, of the duties of his office of collector of the taxes in the third collection district of Prince Georges county,) and having, also, first offered testimony to prove the insolvency of the plaintiff, as the principal obligor therein, and that judgments have been rendered in this court, upon this bond, against the obligors, including the witness and said Carroll, and that the executions issued on these judgments had been levied on the property of the witness. The court overruled this objection, and permitted the witness to testify, and to this ruling the defendant excepted.

3rd *Exception.* The plaintiff then, to remove the bar of the statute of limitations, offered the following receipt, proved to be entirely in the handwriting of the plaintiff:

"1853, May 11th. Received of Jane M. Carroll, Ex'cx of M. B. Carroll, three hundred and seven dollars and eighty-six cents, on account of services rendered said M. Carroll, in his lifetime.      (Signed.)   WM. A. QUYNN."

And, then, proved by C. C. Magruder, one of the executors of Jane M. Carroll, that this paper came to his hands with other papers and receipts of Mrs. Carroll, connected with the settlement of the estate of M. B. Carroll, as executrix, but he does not know by whom the papers were delivered to him.   The defendant then offered evidence tending to prove that the plaintiff was the agent of Mrs. Carroll, and had access to the papers of the estate of M. B. Carroll, and upon some occasion, when the plaintiff was in the room where said papers were, he refused to let the witness, who was the nephew of said M. B. Carroll, come into the room where he was, and where said papers were.

The defendant then prayed the court to instruct the jury, that unless they believe from the evidence, that the money mentioned in this receipt was paid by Mrs. Carroll, as executrix of M. B. Carroll, to the plaintiff, then, that said receipt is not evidence to remove the bar of the statute of limitations. The court rejected this prayer, but instructed the jury that they must find from the evidence, that the receipt was executed by the plaintiff, to Mrs. Carroll, in her lifetime, and if they so find, that it is *prima facie* evidence of the receipt of the money therein mentioned, and is sufficient to remove the bar of the statute of limitations relied upon in this case.   To the refusal of the court to grant his prayer, the defendant excepted, and the verdict and judgment being in favor of the plaintiff, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*Thos. F. Bowie,* and *Thos. G. Pratt,* for the appellant, argued:

1st. That the ruling of the court in the first exception, was erroneous.   The court will observe that no special contract was alleged or proved, and that the plaintiff seeks to recover in this action as much as his *services were worth,* or as much as he *deserved to have* therefor, and under the general issue plea of *non assumpsit* the defendant offered to prove, that because of

payments, or the support of the plaintiff and his family by Carroll, whilst the work was being performed by him, he did not deserve to have for his services as much as he would have been entitled to, if he had, whilst performing the work, supported himself and his family. The single question to be decided on this exception is, whether in an action brought for so much money as the plaintiff deserves to have for work and labor performed by him for the defendant, it is competent for the defendant, on the issue joined, upon his plea of *non assumpsit*, to prove payment, or that the plaintiff was supported by the defendant whilst he performed the work, in order to show that he did not deserve to have as much as he claims for such work? No *quantum meruit* or *quantum valebant* count was necessary in order to enable the *plaintiff* to offer his evidence. In 1 *Chitty's Pl.*, 342, it is said: "The opinion of the profession has long been, that such *quantum meruit* and *quantum valebant* counts are wholly unnecessary, and that under an *indebitatus count* in *assumpsit* or debt, the plaintiff may recover, although there be no evidence of a fixed price, and *Reg. Gen. Trin. T.,* 1 *W.,* 4, prescribing forms of *indebitatus* counts may be considered as virtually abolishing the *quantum meruit* and *valebant* counts." If, then, these counts are no longer necessary for the plaintiff, and he can give the same evidence to sustain his claim *without* them, that he could with them, the defendant also may offer the same evidence in *defence* without them, that he could with them. If, by the change in the form of pleading, the plaintiff in this case could give in evidence proof of the value of his services without a *quantum meruit* count, there can be no reason why the defendant may not give the same evidence in *defence,* without that count. The only question then is, was this evidence properly admissible in defence under the *general issue,* without pleading a *set-off*? That it is, the authorities clearly show. 7 *East.,* 479, *Basten vs. Butter.* 40 *Eng. C. L. Rep.,* 352, *Turner vs. Diaper.* 31 *Eng. C. L. Rep.,* 307, *Hayselden vs. Staff.* 38 *Eng. C. L. Rep.,* 94, *Grainger vs. Raybould. Ibid.,* 267, *Pegg vs. Stead.* 14 *How.,* 434, *Winder vs. Caldwell.* 9 *How.,* 213, *Withers vs. Green.* 5 *Md.*

*Rep.*, 132, *Coates & Glenn, vs. Sangston.* 1 *H. & J.*, 364, *Stone vs. Rafter.* 2 *Saund., Rep.* 122, (*a*) note 2.

2nd. That the court erred in its ruling in the second exception, in admitting Fielder Bowie as a competent witness for the plaintiff. The defendant proved the *insolvency* of the plaintiff, and that the witness and M. B. Carroll were sureties upon the plaintiff's bond as collector, and that judgments had been rendered upon this bond, against the plaintiff and his sureties, the executions upon which had been levied on the property of the witness. He had, therefore, a direct interest in creating a fund directly applicable to the payment of the judgments against him and Carroll, on this bond; for by an application to a court of equity he could have the amount which the plaintiff might recover in this action, applied to the discharge of the judgments against him. It is clear, that a creditor is not a competent witness to increase, and *a fortiori* to *create* a fund, out of which his debt may be paid. If the witness paid these judgments he would have his remedy over against the plaintiff, and could make the amount recovered in this action responsible for such claim. In support of the view, that this witness was incompetent, see 1 *Camp.*, 381, *Craig vs. Cundell.* 3 *Camp.*, 543, *Adams vs. Malkin.* 3 *Eng., C. L. Rep.*, 328, *Rhodes vs. Ainsworth.* 2 *Ves. Jr.*, 12 *Jones vs. Tuberville.* 1 *H. & J.*, 135, *Bean vs. Jenkins.* 3 *G. & J.*, 32 *Owens vs. Collinson. Ibid.*, 357, *Watts vs. Garrett.* 9 *Gill*, 508, *Townshend vs. Townshend,* and same case in 6 *Md. Rep.*, 295. 4 *Starkie's Ev.*, 215, 770. 1 *Strange*, 507, *Shuttleworth vs. Bravo.* 1 *H. & G.*, 256, *Sanderson vs. Marks.* 11 *G. & J.*, 388, *Mitchell vs. Mitchell.* 11 *Md. Rep.*, 228, *Williams vs. Banks.*

3rd. That the ruling in the third exception was also erroneous. Unless the jury believed the money mentioned in the receipt was *paid* by Mrs. Carroll, as executrix of M. B. Carroll, to the plaintiff, as stated in the defendant's prayer, this receipt clearly could not remove the bar of the statute. There was evidence from which the jury might infer, it was not so paid. The receipt was all in the handwriting of Carroll; he was the agent of Mrs. Carroll, and had access to the

papers of the estate of M. B. Carroll, and he refused to admit the nephew of the testator to the room where he, the plaintiff, then was, and where these papers were. From this evidence the jury might have inferred, that this receipt was placed by the plaintiff, among these papers, for the very purpose of being used as evidence to remove the bar of the statute.

*Frank H. Stockett* and *D. C. Digges* for the appellee, argued:

1st. That the court below was right in excluding from the jury, under the pleadings in the cause, the evidence offered by the defendant in the first exception, to prove a claim or account in bar by Carroll against the plaintiff and his family, to reduce the damages claimed by the plaintiff; 1st, because no set-off was pleaded and no notice given of any such defence, and it was not competent for the defendant, in this mode, to set up as a defence or establish any such claim. There was no *offer* to prove the *value* of this support, or of the number of the plaintiff's family, and, in fact, there was nothing whatever to connect the services alleged to have been rendered by Carroll to the plaintiff and his family with those rendered by the plaintiff, and for the value of which this suit was brought; it was a separate and independent transaction, and if actually rendered, should have been pleaded by way of set-off. 11 *G. & J.*, 286, Sangston *vs. Maitland, et al.* 4 *G. & J.*, 451, *Burch & Mundell vs. The State.* 2nd. Because there was no *quantum meruit* count in the declaration, and there was, therefore, no error in refusing to admit the evidence, upon a state of pleadings which did not exist in the case. It is nowhere said in the books, that the *defences* which may be relied on in answer to the *quantum meruit* or *quantum valebat* counts, are the *same* as those which may be maintained under the other counts. These counts are still necessary and have their appropriate office, and were used in practice in the English courts, until abolished by their new rules. This court, in *Coates & Glenn vs. Sangston*, 5 *Md. Rep.*, 133, has said, that upon a *quantum valebat* or *meruit*, the plaintiff can claim only what, under *all the circumstances*, his labor or *services* or

materials are *reasonably worth*. If the declaration had contained this count, the evidence in *defence* now relied on, might have been admissible, but that count not being in the *nar.*, the evidence was not admissible under the *general issue*. On this point, see, also, 2 *Greenlf. on Ev.*, sec. 135; 2 *H. & G.*, 478, *Agnew vs. Bank of Gettysburg*; 11 *G. & J.*, 286, *Sangston vs. Maitland, et al.*; 4 *Md. Rep.*, 441, *Ridgeley vs. Crandall & Wife; Ibid.*, 491, *Ellicott vs. Peterson*.

2nd. That Fielder Bowie was a competent witness. To disqualify a witness, his interest in the event of the suit must be some legal, certain and immediate interest. He must be shown to be a gainer or loser, by the direct legal operation and effect of the judgment. His interest must also be a present, certain and vested interest, and not an interest uncertain, remote or contingent. 1 *Greenlf. on Ev.*, secs. 386, 390. It has been held, that a creditor is a competent witness for his debtor. 6 *Esp.*, 34, *Paull vs. Brown*. 5 *Barn. & Adol.*, 368, *Nowell vs. Davies*. A creditor cannot be admitted as a witness, to increase the *fund* out of which he is to be paid, because his interest is *direct* and *immediate* in the *event* of the suit, but to disqualify the witness, he must be *legally* entitled to payment out of the fund. 5 *Johns.*, 427, *Phenix vs. Ingraham*. 1 *Caine's Rep.*, 363, 379, *Peyton vs. Hallett*. 3 *Greenlf. Rep.*, 461, *Howard vs. Chadbourne*. 2 *Pick.*, 240, *Marland vs. Jefferson*. 9 *Pick.*, 322, *Wood vs. Braynard*. A mere *expectation* of payment, however strong, if not amounting to a *legal right*, has been held insufficient to render a witness incompetent. 6 *Greenlf's Rep.*, 60, *Seaver vs. Bradley*. Tested by these rules, it will be apparent to the court, that this witness had no such direct or immediate interest in the event of this suit, as could disqualify him. 6 *Md. Rep.*, 295, *Townshend vs. Townshend*.

3rd. That the court was manifestly right in the instruction given to the jury, as to the effect of the receipt, to avoid the bar of the statute of limitations. This was so decided on the former appeal, in 10 *Md. Rep.*, 209. The instruction prayed for by the appellant, was not only erroneous in law, but was calculated to mislead the jury; seemingly to authorise them to

find a fact of which no evidence was offered.   There was no
evidence in the cause from which they could reach any other
conclusion, in regard to this receipt, but that the money therein
mentioned was paid by Mrs. Carroll, as executrix of M. B.
Carroll.   This was the direct and only inference from the
testimony as to the fact, as well as the positive presumption of
law, of the receipt given to her for the money.  It was found
by her executors, among her private papers after her death,
as proved by Mr. Magruder, and no testimony, competent to
affect this *prima facie* presumption was given to the jury.

LE GRAND, C. J., delivered the opinion of this court.

This case was before, this court once before and is reported
in 10 *Maryland*, 197.   It is not materially altered in its facts
since, and we therefore abstain from the discussion of the
questions then raised and pronounced upon.

The first exception of the defendant relates to the refusal of
the circuit court to admit certain testimony.  The action is
one of *indebitatus assumpsit*, to recover for services alleged
and claimed to have been rendered by the appellee to Carroll,
in his lifetime.   After the plaintiff had offered evidence of servi-
ces and of their value, the defendant "offered to prove, by com-
petent witness, that during the time of the rendition of such
services, the said Carroll had supported and maintained the
said plaintiff and his family, with a view to a reduction of the
damages, and under the issue joined on the count for a *quantum
meruit*."   The court was of opinion, that the evidence was
inadmissible, under the pleadings in the cause, and refused to
permit it to go to the jury.

There is no technical count of *quantum meruit* in the decla-
ration, nor is there any notice or plea of set-off in the record.
The appellee contends, that in the absence of a plea of set-off,
under this declaration, the testimony was inadmissible, but
concedes it would be proper were there, in the declaration, a
count for a *quantum meruit*.   On the other side, it is insisted,
that at the present day, and long before the bringing of this
action, the count of *indebitatus assumpsit* would enable the
plaintiff as fully to recover as though the declaration, in addi-

ion to it, contained either the *quantum meruit* or *quantum valebant* counts, or both of them, and, as a consequence, that whatever could be given in evidence, by way of defence, under either or both of them, could be given in evidence under the issue joined on the *indebitatus assumpsit.* To this latter view we fully assent.

In England, since the adoption of the new rules of pleading, in the reign of William the 4th, the prescribed form of an *indebitatus* count "may be considered as virtually abolishing the *quantum meruit* and the *quantum valebant* counts." 1 *Chitty's Pleadings*, 342. But, independently of, and before the adoption of, the rules referred to, the better opinion was, that these counts were unnecessary. *Chitty,* 1 *Vol.*, 342, tells us, that "although Sir William Blackstone mentions the *quantum meruit* and *valebant* as useful, and as then to have been supposed *necessary precautions* to avoid the risk of the plaintiff's not being able to prove an agreement to pay a *fixed* price, the opinion of the profession has long been, that such *quantum meruit* and *quantum valebant* counts are wholly *unnecessary,* and that under an *indebitatus* count in *assumpsit* or debt the plaintiff may recover, *although there be no evidence of a fixed price."* Mr. Evans, in his edition of *Harris' Entries,* 1 *Vol.*, 106, speaking of the *quantum meruit* and *valebant* counts, says: "It was formerly the practice to insert, in every declaration, the two last mentioned counts, and they are still usual in England. *They are, however, unnecessary, and in Maryland have fallen entirely into disuse."* He then proceeds to quote the following note of Sergeant Williams, 2 *Saund.*, 122, *a note,* 2: "It was formerly holden, that upon a count for goods sold and delivered, the plaintiff was bound to prove more than one particular thing sold, (though he may now recover for one thing only;) and also to prove a price agreed upon, otherwise the plaintiff would fail. So upon a count for work and labor, use and occupation, and other counts of the like nature, the plaintiff was bound to prove a price or sum of money agreed upon, and, therefore, where the plaintiff could only prove the delivery of the goods, or the doing of the work, or the occupation of the estate by the defendant, and the like, without

any price or sum agreed upon to be paid to the plaintiff, he was obliged to declare upon a *quantum valebant* or a *quantum meruit.* But this strictness is now relaxed, and the present practice seems to be, that the plaintiff may, upon a count for goods sold and delivered, work and labor, use and occupation, and the like, recover what he shall prove to be due him, notwithstanding there was not any price or sum of money agreed upon, though, on the other hand, where the contract is for a certain price, or sum of money, it seems to be understood, that the plaintiff cannot recover upon a count on a *quantum valebant* or *quantum meruit.* *And indeed these last mentioned counts seem now to be of little or no use, so that, it seems, it is not often necessary to insert them in the declaration.*"

These citations, from writers of the highest authority, are not made for the purpose of showing that, in a case like the present, the incorporation of *quantum meruit* and *quantum valebant* counts, into the declaration, would be either *fatal* or *erroneous,* but simply *unnecessary;* that now, under the *indebitatus* count, a plaintiff may recover just as he could formerly, and can do now, under a *quantum meruit* count, when no price has been agreed upon for the services rendered, and to deduce from the circumstance, the conclusion, that the declaration in this case is sufficiently comprehensive to maintain the plaintiff's claim and to authorize the defendant to interpose, under the joinder of issue in this case, whatever evidence he could have adduced under a joinder on a *quantum meruit* count. There is nothing in all this, in the slightest degree, in conflict with anything which has heretofore been said by this court, in any case decided by it. The case of *Ridgeley vs. Crandall & Wife,* 4 *Md Rep.,* 441, merely decided what, on principle, ought never to have been questioned seriously, namely, that a *stipulated* price, due under a special contract, not under seal, when the contract has been fully executed, can be recovered under the *indebitatus* count; it did *not,* however, decide, that under such a count, where *no price* has been agreed upon, and where the service is complete, that there can be no recovery; nor was any such doctrine asserted in *Ellicott vs. Peterson's Exc'rs,* 4 *Md. Rep.,* 491. In the

latter case it was recognized as good law, that if the services be rendered and the work accepted, the party doing the work could recover on a *quantum meruit.* This may be, and is, true, and yet it may be equally so, that, under like circumstances, a recovery may be had under an *indebitatus* count, and this is the opinion of the eminent pleaders to which we have referred, as well as that of many others. The only difficulty which was ever stated to exist, in regard to the matter, was supposed to grow out of a doubt, whether the *indebitatus* count covered anything but a *stipulated price.* That doubt being removed, the office of the count extended itself to the comprehension of those of the counts of *quantum meruit* and *valebant.*

Holding, then, whatever can be recovered under either or both of these last mentioned counts may be recovered under the *indebitatus* count, it follows, logically and necessarily, that whatever may be given in evidence, by way of defence, under the *quantum meruit* and *valebant* counts, can be given also in evidence under the *indebitatus* count.

This brings us to the inquiry, whether the proof contained in the appellant's first exception could be given in evidence under a joinder of issue on the *quantum meruit* count? And this question divides itself into two other inquiries, *first,* whether the testimony, *under any state of the pleadings,* would be admissible? *second,* if so, whether it could be availed of without a notice or a plea of set-off?

In regard to the first inquiry, it is objected that the proof offered is too *indefinite,* and this indefiniteness is supposed to consist in the fact, that the offer was not *accompanied* by a declaration of the number of the family of the plaintiff, nor of the value, in money, of the support alleged to have been furnished to them and himself. This objection is not tenable. It is true, that all testimony, to be properly admissible, must be pertinent to the inquiry before the court, and proceed from a competent source. There was no objection as to the source from which the testimony was to be derived; and if the circumstance, that the testator of the defendant supported the plaintiff and his family, during the time he was performing

the services for which he now claims compensation, be one which ought to be considered, it is difficult to perceive why the evidence offered should not have been admitted.

It is said, that the proffered evidence should have been accompanied with a proffer of proof tending to show the *value* of the support. Now this was unnecessary, because the evidence offered was, *per se,* pertinent to the issue; and in *Marshall vs. Haney,* 4 *Md. Rep.,* 510, it was said: "Evidence relative to the issue is admissible, though it be insufficient unless followed and supported by other evidence." When such evidence has been admitted, if it should not be followed by proof establishing its sufficiency, the opposite party may, when the evidence is closed, obtain from the court an instruction to the jury to disregard the admitted evidence upon the ground of its insufficiency. It can hardly be contended, that a plaintiff, in offering to make out his case for work and labor, will be debarred from showing the performance of the work as a fact, until he shall declare that he means to follow it up with evidence showing the value of the work, and if the plaintiff be not so trammelled, there is no reason or justice why the defendant should be. This is not like a case where testimony *wholly* inadmissible in itself is excluded, unless the party offering it declares his purpose to follow it up with other testimony making it legal. It is but the offer of the first link in the chain of evidence to make out a fact, and, as such, admissible; subject, in its effect, however, to the other proof to be offered. The rules which have been, from time to time, recognized as governing the order of the admissibility of testimony have been already carried to very great length, and adhered to with, perhaps, a too rigorous strictness, so much so, that it is very far from being clear, that the substantial ends of justice have not been thereby as frequently defeated as they have been promoted.

In regard to a plea of set-off being unnecessary in a case like the one now under consideration, the authorities are explicit; a few of them only need be referred to. A plea of set-off is only necessary, when the *abatement* in the amount claimed by the plaintiff, does *not* grow out of and *form part*

of the contract, in which the claim of the plaintiff originated. In the case of *Grainger vs. Raybould & another*, 9 *Car. & Payne*, 229, (38 *Eng. C. L. Rep.*, 94,) it was held, that when a plaintiff sues, on a *quantum meruit*, for work and labor, the defendant may (without pleading a set-off) give in evidence, that he provided the plaintiff's men, who did the work, with their beer, as it may be, that the plaintiff deserves to be paid the less, because his men had their beer provided for them by the defendant. That case, in principle, is identical with the present. In the case of *Turner vs. Diaper*, 2 *Manning & Granger*, 241, (40 *Eng. C. L. Rep.*, 351,) the principle is fully recognized, that in an action for work and labor, under the plea of *nunquam indebitatus*, the defendant may show, that the work was not done, or, without a plea of set-off, that the work was improperly done, and its real value; one of the judges remarking, that he was clearly of opinion, that that case was not one of set-off, and that the evidence, offered by the defendant, went to show that he never was indebted beyond a certain amount. See *Coates & Glenn vs. Sangston, Gar.*, 5 *Md. Rep.*, 121.

We concur with the court below, in admitting the testimony of the witness, Fielder Bowie. He had no direct interest in the suit, nor in the fund. His interest, if any at all, was entirely too remote and speculative to disqualify him. *Melvin vs. Melvin*, 6 *Md. Rep.*, 541.

We also agree with the Circuit court in its ruling, as set out in the third exception. The *mere* fact, that the plaintiff was seen in a particular room, where certain papers were kept, could not justify the jury in inferring, that at that time he fraudulently placed his receipt among the papers of Mrs. Carroll, nor would it have been proper for the court, by its instruction, to have taken away from the receipt of the plaintiff its *prima facie* evidence of payment of the money. Until this evidence was rebutted it was conclusive of the fact of payment.

We reverse the court on the first exception and affirm it on the others.

*Judgment reversed and procedendo awarded.*
(Decided May 12th, 1859.)