ALBANY,
Feb. 1806.

Perry
v.
Aaron.

</div>

## Perry *against* Aaron.

THIS was an action of *assumpsit.* The declaration con-
tained five counts. The *first* count stated, that whereas the
defendant, in consideration that the plaintiff would buy of
the defendant, at his special instance and request, a quan-
tity of cotton, to wit, 67 bales and 2 bags, weighing &c.
at a certain price per pound, to be paid &c.——the defendant,
" then and there undertook, and faithfully promised the said
" *Robert Perry*, that the said cotton, and every part thereof
" was good merchantable cotton, and fairly packed, bound,
" and put up in the said bales and bags, and was equal in
" quantity to a certain parcel then and there produced and
" shewn as a sample thereof." It then avers, that the plain-
tiff confiding, &c. did buy the cotton for the price mention-
ed, and paid the defendant for the same ; but that the de-
fendant not regarding his promise, &c. did craftily and sub-
tilly deceive the plaintiff in this, " that a great part of the
" said cotton, to wit, 16 bales, was then and there deceit-
" fully and fraudulently packed, bound and tied up, and in
" an unmerchantable state, and the middle or inside of di-
" vers, to wit, the said 16 bales, was not good or merchant-

<div style="text-align: right">

In an action
of *assumpsit,*
for a fraud in
the sale of cot-
ton, it was held
that the decla-
ration should
contain either
an express
warranty, or
an allegation
that the ven-
dor, *knew* of
the bad qual-
ity of the arti-
cle, at the time
he sold it as
merchantable ;
and that the
proofs at the
trial must cor-
respond with
the allegations
in the declara-
tion.

</div>

Vol. I.                   s

" able cotton, but was then and there dirty and unmerchant-
" able, and of a very inferior quality," &c. The *second*
count stated, that in consideration the plaintiff had bought of
the defendant the like quantity of cotton, at the same price,
&c. the defendant " undertook, that the said cotton was
" merchantable, packed up," &c. as in the first count. Yet
the said defendant, not regarding, &c. but contriving and
fraudulently intending to injure the plaintiff, deceived·him
in this, that 16 bales of the cotton were not merchantable,
packed up fairly, &c. but was unmerchantable and of an in-
ferior quality, &c. The *third* court stated, that in consid-
eration that the plaintiff had undertaken and promised to
pay the defendant 7021 dollars and 60 cents, when requested
&c. the defendant undertook and promised to deliver to the
plaintiff, 67 bales and 2 bags of good merchantable cotton, of
the value of 7021 dollars and 60 cents, when requested, &c.
Yet the defendant did not deliver the same, &c. but instead
thereof " did deceitfully and fraudulently deliver to the
" plaintiff, 67. bales and 2 bags of base, unmerchantable
" cotton, of a very inferior quality, and of small value, to
" wit, of the value of 10 dollars, contrary," &c. The
*fourth* count was for money paid, laid out, &c. and the
*fifth* for money had and received to the use of the plaintiff.
Plea, the general issue.

The cause was tried at the *New-York* Sittings, the 18th
*December*, 1804, before Mr. Justice *Livingston*. On the
trial it appeared in evidence, that the defendant sold the
cotton in question, as being in the public store on *Staten-
Island*, where it had been deposited when imported on
its . arrival from *New-Orleans*. The defendant produc-
ed a sample, and " on being asked by the plaintiff if he
" might depend on the quality of the cotton being.like the
" sample, the defendant answered, he would warrant the
" whole to be of the same quality and of equal goodness
" with the sample." A short time after the purchase was
concluded, the plaintiff sent his clerk to examine the
cotton, taking with him the sample which had been pro-
duced to the plaintiff; that on examining the bales, without

·opening them so as to inspect the inside, the whole appeared to be as good as the sample, and in the same state as when it was imported. The bill of parcels was produced which contained no warranty. The cotton was exported to *Liverpool*, in *England*, where it was delivered in the same state as when it was taken on board of the ship, except a small portion which received some sea-damage. The consignees of the shippers sold the cotton to certain dealers in that article for a full price, but without any warranty. On opening the bales, considerable quantities of dirt and cotton seed were found in the inside ; the purchaser then demanded of the consignees compensation for the damage, in consequence of the cotton being falsely packed. The question of damage was voluntarily referred to arbitrators, mutually chosen by the consignees and the purchasers of the cotton, who after examining the cotton &c. awarded £187 - 4 - 11 sterling, to be allowed by the consignees for a compensation to the purchaser, and the consignees accordingly allowed and paid the same, and the expenses attending the arbitration, being £31 - 0 - 5 sterling, which sums, with interest, the plaintiff claimed in damages from the defendant.

The defendant's counsel moved for a nonsuit, on the same grounds on which it was now argued before the court. The judge directed the jury to confine their attention to the third count in the declaration, and the proofs in support of it, and observed that the plaintiff was not entitled to recover, unless the defendant had been guilty of a fraud, in selling the cotton as good, knowing at the same time that it was not so ; and that there was no evidence, in his opinion, to warrant this conclusion ; that if the plaintiff was entitled to recover, there was no proof of damage, as the sale in *England* was so made as not to entitle the purchaser to claim damages of the consignees ; and that the damages he paid were in consequence of his voluntary act, in submitting it to arbitration, for which the defendant could not be answerable in law. The jury found a verdict for the plaintiff for 827 dollars and 76 cents. On being asked by the court on what grounds they found the verdict, they answer

ALBANY,
Feb. 1806.

Perry
v.
Aaron.

ed, on the warranty charged in the first count of the declaration, being of opinion that no fraud was to be imputed to the defendant in the sale of the cotton.

*Riggs* for the defendant, contended that the verdict ought to be set aside, and a judgment of nonsuit entered. 1. The jury deliberated and decided on what was not submitted to their consideration. The judge who tried the cause directed them to confine their inquiry to the third count in the declaration, in which the plaintiff alleged a fraud in the sale; yet the jury found a verdict on the ground of a warranty contained in the first count. 2. If there is no warranty, and the plaintiff meant to recover on the ground of fraud, then he should have alleged and proved a *knowledge* in the defendant, of the bad quality or condition of the cotton. When the plaintiff declares in *assumpsit* on an implied warranty, he must allege that the party knew the defect at the time. The *scienter* is of the essence of the action, and as it was not alleged in the declaration, there was no cause of action, and it ought not to have been referred to the jury. He was then proceeding to cite some authorities,* but the court observed that there could be no doubt as to the law.

3. The declaration does not allege a *warranty*, nor does it contain any words which amount to one. Where the plaintiff intends to rely on a warranty, he must expressly state it in his declaration. It was so decided by *Powel*, J. in the case of *Lysney* v. *Selby*. 2. Ld. *Raym*. 1118.

4. But if the court should be of opinion, that the warranty was sufficiently alleged and proved, still, as the plaintiff afterwards sent his clerk to examine the cotton, and purchased it on the faith of his inspection, without relying on the affirmation of the defendant, it was a waiver of the warranty; for it must be inferred from the evidence, that the money was not paid until after the cotton had been inspected by the clerk, and where a credit is not intended to be given, the sale is not complete until the purchase money is paid.

* 2 East. 448. *Springwell* v. *Allen*, in a note. See 2 *Caines*, 48. *Seixas* v. *Wood*, in which all the cases are fully examined.

1 *Salk.* 211. *Butterfield* v. *Burrows.* It is laid down in the cases just cited, from Lord *Raymond*, that if the vendee, after a warranty, examines for himself, he thereby discharges the vendor from such warranty.

<div style="float:right">

ALBANY,
Feb. 1806.

Perry
v.
Aaron.

</div>

5. Another and a fatal objection arises from the variance between the declaration and the testimony produced on the trial. The proof did not in any manner support the first count, on which the jury gave their verdict. Many authorities[*] may be adduced to show how far the evidence must correspond with the allegations of the plaintiff.

[*The court* said, the law on this subject is too well settled to be now questioned.]

I shall contend, then, that the court ought to nonsuit the plaintiff. It was moved for at the trial, and the point reserved. The judge was of opinion that the plaintiff ought to have been nonsuited on the 1st, 2d, 4th and 5th counts, but suffered the cause to go to the jury on the third count, which is admitted to be bad. The court will now do what ought to have been done at the trial, unless they should be of opinion that the plaintiff is entitled to judgment on the third count. But as the sale in *England*, was without warranty or fraud, the purchaser had no right of action against the vendor. So, that if the plaintiff had even shewn that he was entitled to recover, it could be for nominal damages only; for he sold the cotton in such a manner as not to be legally responsible to the purchaser[†]. The submission to arbitration was voluntary on his part, and the payment, consequently in his own wrong, for which the defendant is not liable.

<div style="float:right">

† *Parkinson*
v. *Lee.* 2
*East,* 314.

</div>

*Hoffman* contra. The defendant may be entitled to a new trial, but the court ought not to nonsuit the plaintiff. It is by no means clear, that the cause ought not to have been left to the jury on the first count, in which it is stated that the defendant warranted the whole according to the sample produced, and which was proved by one of the witnesses. It is true that a warranty must be expressly laid.

* 1 Ld. *Raym.* 735. *Anonymous.* 4 D. & E. 314. *Hocker* v. *Cooke.* 1 D. & E. 447. *Churchill* v. *Wilkins.* *Buller's* N. P. 145.

ALBANY,.
Feb. 1806.

Woodham
v.
Gelston.

Many respectable writers have thought that an *affirmation* amounted to a warranty. Will not an express promise, that a thing shall be of a certain quality, be equivalent to a warranty? If not so in form, it is in substance, and the defendant should have demurred to the declaration ; it is now too late to take advantage of matters of form. The courts in *England* never nonsuit the plaintiff against his consent ; nor will this court compel a party to be nonsuited. If the charge of the judge was correct, and the jury have found against that charge, the verdict ought to be set aside, and a new trial granted. If the declaration is defective, an opportunity may be given to the plaintiff to have it amended.

Per Curiam. There must be a new trial. We give no opinion on the point, whether the court can compel the plaintiff to be nonsuited. The verdict is so peculiarly taken, that we think the costs must abide the event of the suit,

Rule for *new trial* granted.*

* See *ante.* p. 96. *Snell, Stagg & Co. v. I. Moses & Sons.*