NEW YORK,
May, 1825.

Oneida
Manufacturing
Society
v.
Lawrence.

# THE ONEIEDA MANUFACTURING SOCIETY *against* LAWRENCE AND OTHERS.

No particular phraseology is necessary to constitute a warranty of goods; but an assertion or affirmation concerning the thing sold, to be evidence of a warranty, should be positive and unequivocal, one which the vendee relies on, which is understood by the parties as an absolute assertion, and not the expression of an opinion.

In ordinary sales, where the vendee has an opportunity of examining the commodity, the vendor is not answerable for any latent defect, without fraud or an express warranty, or such a direct affirmation or representation as is tantamount to a warranty, and not the expression of an opinion.

But in the case of sales by sample, the vendor is held responsible, that the quality of the bulk of the commodity shall be equal to the sample shown.

Declaration upon a warranty of cotton, that it was *good merchantable cotton, free from dirt and all filthy matter ;* proof that the defendant produced a sample of good merchantable cotton, *free, &c.,* (as in the declaration,) and stated that it was *good upland cotton, and that the sample was true,* or that it was *prime upland Georgia cotton ; held,* no variance.

To entitle the exemplifications of a commission and depositions to be read in evidence, there must be an accompanying certificate of a judge, or other officer, authorized by the statute (1 R. L. 520, s. 11,) to receive and open commissions.

Every sale of packed cotton must be considered in the nature of a sale by sample, which amounts to a warranty that the whole bulk shall compare with the specimen exhibited. (Per Savage, Ch. J., on the authority of Nott and M'Cord's Rep. 540, 1.

ASSUMPSIT, upon an express warranty of cotton. The declaration was, that the defendants promised that the cotton was *good merchantable cotton, free from dirt and all filthy matter.*

The cause was tried July 17th, 1823, at the Oneida circuit, before WILLIAMS, C. Judge.

At the trial, it was proved that the defendants sold the cotton to the plaintiffs by bill, as 25 bales of *Georgia upland cotton ;* the plaintiffs' witness swore that one of the defendants (December, 1820, or January, 1821) sold the cotton to the agent of the plaintiffs, presenting him with samples of the cotton, declaring they were drawn from the bales in the warehouse of the defendants, and *that it was good upland cotton, and that those were true samples.* The defendants' witness, who spoke of the sale, said the defendant represented it as *prime upland Georgia cotton.* The plaintiffs' agent had no opportunity to inspect it.

The cotton turned out to be far inferior to the sample and representation, being foul and damaged. It had been packed with a mixture of water, which had stained the cotton, and rotted a part of it.

An exemplification of a commission to examine witnesses executed in Georgia, with the return, was offered in evidence by the defendants ; but objected to, and excluded by the Judge, on the ground that there was no certificate, or endorsement among the papers offered and exemplified, of any

NEW YORK
May, 1825.

Oneida
Manufacturing
Society
v.
Lawrence.

Judge or other officer, authorized by statute to receive and open commissions, that he had received and opened this, or by whose hands it was received.

Verdict for the plaintiffs. Ds. $736 99.

*J. Platt* moved for a new trial. 1. He contended that there was a variance between the contract declared on, and the one proved ; and he cited the following cases as illustrative of the great strictness with which Courts bind down the plaintiff in his proof to the exact words of his count, viz : *Snell* v. *Moses*, (1 John. Rep. 96.) *Perry* v. *Aaron*, (id. 129.) *Bristow* v. *Wright*, (Doug. 665.) *King* v. *Pippet*, (1 T. R. 235.) *Parkinson* v. *Lee*, (2 East, 314.) *Symonds* v. *Carr*, (1 Campb. 361.) *Clarke* v. *Gray*, (6 East, 564.) *Hands* v. *Burton*, (9 id. 349.) *Goulding* v. *Skinner*, (1 Pickering's Rep. 162.)

2. To show that the declaration of the defendants did not amount to a warranty, he cited *Chandelor* v. *Lopus*, (Cro. Jac. 4.) *Seixas* v. *Woods*, (2 Caines' Rep. 48.) Sugd. L. V. 3. *Heermance* v. *Vernoy*, (6 John. Rep. 5.) *De Freeze* v. *Trumper*, (1 id. 274.) *Holden* v. *Dakin*, (4 id. 421.) *Davis* v. *Meeker*, (5 id. 354.) *Jendwine* v. *Slade*, (2 Esp. Rep. 572.) *Willings* v. *Consequa*, (1 Peters' Rep. 317.) *Sands* v. *Taylor*, (5 John. Rep. 395.) *Swett* v. *Colgate*, (20 John. 196.) 2 Com. on Contr. 265. Coop. Just. 609. *Parkinson* v. *Lee*, (2 East, 314.)

3. He said the statute (1 R. L. 520, s. 11) is merely directory as to the duty of the Judge on receiving and opening the commission ; his certifying is not essential to its being evidence ; and his omission should not prejudice the party. All the statute requires is, that it should be executed in a certain manner ; that this should appear on its face ; but being filed with the clerk and exemplified, the intendment is, that it was properly received and opened, until the contrary is shown.

*Talcott*, (Attorney General,) contra, insisted that there was enough proved to authorize the inference of a warranty by the jury ; and for this he relied mainly on *Chapman*

NEW YORK,
May, 1825.

Oneida
Manufacturing
Society
v.
Lawrence.

v. *Murch,* (19 John. Rep. 290,) and cited *Bradford* v. *Man-ly,* (13 Mass. Rep. 139,) in which the Court decided that a sale by *sample* is tantamount to a warranty ; that the article sold is of the same kind with the sample ; also, *Gardiner* v. *Gray,* (4 Campb. Rep. 144;) where it was held that when goods are sold, by written contract, as goods of a certain denomination, there is an implied warranty that they are of a merchantable quality of the denomination mentioned in the contract ; and *Rose* v. *Beatie,* (2 Nott & M'Cord's Rep. of South Carolina, 538, 540, 1.)

He said the contract was set forth in the declaration, according to its substance and effect, which is enough. It need not be literally pursued. (*Bristow* v. *Wright,* Doug. 665, 6, per Ld. Mansfield. *West* v. *Andrews,* 1 Barnw. & Cress. 77.)

That the commission and depositions were inadmissible, he cited *Jackson* v. *Hobby,* (20 John. Rep. 357.)

*Curia,* per SAVAGE, Ch. J.   The questions are,

1. Did the defendants warrant the cotton, and if so, what was the warranty ?

2. Is the contract proved as laid ?

3. Was the commission properly rejected ?

There is no particular phraseology necessary to constitute a warranty. The assertion, or affirmation of the vendor, concerning the article sold, must be positive and unequivocal. It must be a representation which the vendee relies on, and which is understood by the parties as an absolute assertion, and not the expression of an opinion. (3 T. R. 57, 8. 19 John. 290.) *Seixas* v. *Woods,* (2 Caines, 48,) is a leading case on this subject. The law is there fully recognized that a sound price does not imply a warranty, and that, as to any latent defects in the article, the rule *caveat emptor* applies, unless there is a warranty. Nothing is there said, however, as to what expressions shall constitute a warranty. It appeared that the defendant was agent for a house in New Providence, from which he received the wood in question. It was invoiced as *brazilletto ;* he advertised it as such, sold it as such, described it as such in the bill of parcels, and the plaintiff's agent selected it from other wood,

supposing it to be *brazilletto*, and both parties supposing that the wood was, in fact, *brazilletto*. . These facts did not, in the opinion of the Court, constitute a *warranty*. The late case of *Swett* v. *Colgate*, (20 John. 196, 202–3,) was decided on the same principle. The next case after *Seixas* v. *Wood*, was that of *Snell* v. *Moses*, (1 John. Rep. 96,) in which the plaintiffs attempted to recover for fraud. They purchased *blue guineas*, for which the cartman inquired, and received three bales of *blue goods*, described as *blue guineas* in the bill of parcels. No intimation is given in this case on the question of what would constitute a warranty. In *Perry* v. *Aaron*, (1 John. Rep. 129,) there was an express warranty, and the Court, in granting a new trial, do not state whether it was on the ground of a variance between the count and the proof, or on the ground of merits. In *Holden* v. *Dakin*, (4 John. Rep. 421,) the defendant's clerk sold the plaintiff paints of an inferior quality, for good paints; but the kegs had not been opened since the defendant purchased them. The Court say here was no express warranty. All that was proved upon the trial was, that the clerk of the vendor sold the paints for good paints, and at a fair price; but this was not sufficient to raise a warranty. If a warranty was to be inferred from these circumstances, it would be universal, upon every *bona fide* sale at the usual price, unless there was a stipulation to the contrary. Such was the civil law; and such is now the law of South Carolina, (2 Nott & M'Cord's Rep. 538.) In *Davis* v. *Meeker*, (5 John. Rep. 355,) the Court say, "the assertion of the defendant that the wagon was worth more than its real value, furnishes no ground of action." In the case of *Sands & Crump* v. *Taylor & Lovett*, (5 John. Rep. 395,) Spencer, Ch. J. says, "It has been frequently decided here, that on the sale of a commodity, no action can be sustained, for any difference in quality between the thing contracted for, and the thing delivered, unless there be fraud or a warranty. I am disposed to confine this rule to the case of a sale where the thing sold is exhibited, and am ready to admit, that on sales by sample, there is an implied warranty that the sample taken in the usual way is a fair specimen of the thing sold."

NEW YORK,
May, 1825.

Oneida
Manufacturing
Society
v.
Lawrence.

So also in *Gardner* v. *Gray*, (4 Campb. 145,) Ld. Ellen-borough says, "Where there is no opportunity to inspect the commodity, the maxim of *caveat emptor* does not apply. He (the purchaser) cannot, without a warranty, insist that it shall be of any particular quality or fineness; but the intention of both parties must be taken to be, that it shall be saleable in the market under the denomination mentioned in the contract between them."

In the case under consideration, the sale was by sample, for, though the plaintiffs' agent saw the bags in which the cotton was packed, yet he had no opportunity of inspecting the bulk of the commodity. He could only see the samples. In this respect, the present case differs from those of the *blue guineas*, the *barilla* and *brazilletto*. Every sale of packed cotton must be considered in the nature of a sale by sample, which amounts to a warranty that the whole bulk shall compare with the specimen exhibited. (2 Nott & M'Cord's Rep. 540-1.)

From an examination of the cases, some of which I have stated, I am safe in laying down the rule, that in ordinary sales, when the vendee has an opportunity of examining the commodity, the vendor is not answerable for any latent defect, without fraud or an express warranty, or such a direct affirmation, or representation, as is tantamount to a warranty, and not the expression of an opinion; but in cases of sales by sample, the vendor is held responsible that the quality of the bulk of the commodity shall be equal to the sample shown.

In the case of *Gardner* v. *Gray*, where a sample of *waste silk* was shown to enable the purchaser to form a judgment of the commodity, but not as a warranty, Ld. Ellenborough held, that under such circumstances, the purchaser has a right to expect a saleable article, according to the description in the contract. He adds, " without any particular warranty, there is an implied term in every such contract. Where there is no opportunity to inspect the commodity, the maxim *caveat emptor* does not apply." It seems to me, therefore, that whether the production of the samples in this case be construed a warranty that the bulk is of the

same quality, or whether they were shown to the plaintiffs' agent to enable him to form a judgment of the quality of the article, the defendants are bound either that the article shall be equal to the samples, or that it shall be a saleable one, of the description contracted for.

This is the main point in the cause. I am of opinion there was no substantial variance between the contract as laid and proved; and the deposition was properly rejected within *Jackson* v. *Hobby*, (20 John. Rep. 357.)

I am accordingly of opinion that the plaintiffs are entitled to judgment.

New trial denied.