# J. H. MEREDITH v. THE SANTA CLARA MINING ASSOCIATION OF BALTIMORE.

PLEADING—ALLEGATION OF JUDGMENT.—The complaint alleged that, at the date named, at Baltimore, in the State of Maryland, the Baltimore City Court, being a court of general jurisdiction, in an action therein pending between the plaintiff and defendant, by its judgment therein duly given and made, adjudged, etc. *Held*, that this was a sufficient averment of the jurisdiction of the Court.

FORMER ADJUDICATION—ADMISSIBILITY OF PAROL EVIDENCE.—There is some conflict in the authorities, upon the question whether parol evidence can ever be resorted to for the purpose of showing what matters, *within the issues*, were not submitted to the jury in a former action; but none as to the inadmissibility of such evidence to prove that matters *outside* of the issues were submitted and passed upon.

ID.—ID.—The defendant sets up a counter-claim in his answer for money received by the plaintiff to his use, but it appeared that the former action was in *assumpsit*, and that the plea of the defendant was the *general issue*. *Held*, that as it was specially found by the Court below that all the matters of account set up in the defendant's answer were litigated by the parties, and passed upon by the jury in the former action, the presumption in favor of the action of a court of general jurisdiction, like the one in question, must prevail over any doubt that the Court might otherwise entertain as to the admissibility of passing upon a matter of set-off, under the pleadings in the former action.

PLEADING AT COMMON LAW—ASSUMPSIT—THE GENERAL ISSUE—SET-OFF.—Although in point of form the plea of *non-assumpsit* (at common law) puts nothing in issue except the making of the promise, it has been long settled that nearly every defense is admissible under that plea, which shows that there was not a subsisting cause of action at the time the suit was brought; and *tender* and *set-off*, which must be specially pleaded, are not exceptions to the rule; because those defenses admit a good cause of action.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twentieth District Court, County of Santa Clara. BELDEN, J.

The facts are stated in the opinion. After the decision in Department, the Appellant filed its petition that the appeal be reheard in Bank, and the application was denied.

*Cope & Boyd*, and *William Matthews*, for Appellant.

It is not averred in direct terms that the Baltimore City Court was a court of general jurisdiction. (*Halleck* v. *Mixer*, 16 Cal. 577; *Denver* v. *Burton*, 28 id. 550.)

The set-off was not pleaded in the former action, and in the

absence of such plea it is submitted that it could not have been admitted as a defense. (Maryland Code, §§ 12, 13, art. 75, p. 508 (read in evidence) ; *Burch* v. *The State*, 4 Gill & J. 451 ; *Sangston* v. *Maitland*, 11 id. 297.) A finding is useless and idle unless the facts found are within the issues. (*Morenhout* v. *Barron*, 42 Cal. 605.)

*Craig & Meredith*, and *Alfred R. Lightfoot*, for Respondent.

The averment of the judgment was sufficient. (2 Chitty on Pleading, pp. 245, 247, Code Civ. Proc. § 456 ; *Young* v. *Wright*, 52 Cal. 407 ; *Low* v. *Burrows*, 12 id. 181.) The defendant was entitled to retain or claim, by way of *deduction* from the account sued upon in the former action, all just allowances or demands accruing to him, or payments made by him, in respect of the *same* transaction or account which forms ground of action. But this cannot be termed a *set-off* in the strict legal sense of the word, because it is not in the nature of a *cross* demand, or a *mutual* debt, but rather constitutes a *deduction*, rendering the sum to be recovered by the plaintiff so much less. (Chitty on Pleading, 568 ; *Steigleman* v. *Jeffries*, 1 Serg. & R. 477 ; *Cornell* v. *Green*, 10 id. 14 ; *Shaw* v. *Badger*, 12 id. 275.)

It may always be shown by parol evidence that any matter which the issue was broad enough to cover arose and was determined in the prior suit. (*Chamberlain* v. *Gailliard*, 26 Ala. 504 ; *Dunckel* v. *Wiles*, 1 Kern. 420 ; *Harris* v. *Harris*, 36 Barb. 88 ; *Lawrence* v. *Hunt*, 10 Wend. 80 ; *Gardner* v. *Buckbee*, 3 Cow. 120 ; *Eastman* v. *Cooper*, 15 Pick. 276 ; and see Freeman on Judgments, § 273.)

SHARPSTEIN, J. :

This is an action upon a judgment, and the allegation, " That on the 3rd day of November, A. D. 1877, at Baltimore, in the State of Maryland, the Baltimore City Court, being a court of general jurisdiction, in an action therein pending between the above-named plaintiff and defendant, by its judgment duly given and made, adjudged that the plaintiff have and recover of the defendant the sum of $10,350," etc., is a sufficient

averment of the jurisdiction of that Court, and the demurrer to the complaint was properly overruled.

The defendant in this action set up a counter-claim in its answer, and introduced evidence tending to establish it. The only finding of the Court upon the issue thereby raised is, " That at the trial of said cause in said Baltimore City Court each and all the matters of account, and items set forth in the answer of the defendant in this case, were upon said trial fully presented by said defendant, evidence offered concerning the same, and each and all of the said items and amounts were in said cause and trial fully litigated by said parties, and submitted to the jury in said cause, and by said jury passed upon." There is nothing in the record of the former action which shows that the subject of the defendant's counter-claim was in any way involved in that action. The plaintiff brought that action to recover the value of services which he alleged that he had rendered for the defendant. The counter-claim is for money received by the plaintiff to the use of the defendant. Under the laws of the State of Maryland, in which the former action was brought and prosecuted to judgment, a system of pleading prevails which is sometimes denominated the common-law system, and in that action the defendant pleaded the general issue and the Statute of Limitations, under neither of which was evidence of set-off admissible. The Court, however, admitted *parol* evidence in this action, to prove that the subject of the defendant's counter-claim herein was submitted to the jury in the former action. If under the issues in the former action the subject of the counter-claim in this action might have been proven and submitted to the jury, the weight of authority is, that the fact of its having been so proven and submitted might be established by parol evidence. But in order to make such evidence admissible, the matters alleged to have been passed upon in the former action must be such as might legitimately have been given in evidence under the issue joined in that action. In *Sintzenich* v. *Lucas*, 1 Esp. R. 43, Lord Kenyon lays it down, that, to make a record evidence to conclude any matter, it should appear that the matter was in issue, which should appear from the record itself; nor should evidence be admitted that under such a record any particular matter came in issue. And in *Manny* v. *Harris*, 2

Johns. 24, Spencer, J., quotes Lord Kenyon approvingly, and says, in effect, that unless the issue in the former action embraced the consideration of the present cause of action, evidence ought not to be received that the jury did decide upon it.

There is some conflict upon the question whether parol evidence can ever be resorted to for the purpose of showing what matters, *within the issues*, were not submitted to a jury in a former action. But none as to the inadmissibility of such evidence to prove that matters *outside* of the issues were submitted and passed upon. In Maryland, a set-off, to be available as such, must always be pleaded or filed in bar. (*Burch* v. *State*, 4 Gill & J. 444; *Sangston* v. *Maitland*, 11 id. 286.) And this is undoubtedly the rule wherever the system of practice and pleading is similar to that which prevails in that State.

The record would not in all cases necessarily disclose what had been proved and passed upon under a plea of the general issue. In the former action for the recovery of the value of services, the defendant, under his plea of the general issue, without pleading set-off, might have shown that the services were improperly rendered, or were of less than the alleged value, or that the defendant supported and maintained the plaintiff and his family while the services were being rendered, with a view to the reduction of damages. (*Carroll's Adm'rs* v. *Quynn*, 13 Md. 379.) If in a subsequent action between the same parties it became material to show that any of these matters had been passed upon in a former action, parol evidence would be admissible to establish the fact, simply because those were matters which might be shown under the general issue. But matters which must be specially pleaded, like set-off, cannot be shown by parol evidence to have been introduced and passed upon in an action in which they were not specially pleaded.

It is nevertheless an established fact in this case, that the matters which are set up in the defendant's counter-claim were introduced on the former trial, and passed upon by the jury. The Court below has so found, and there was evidence before it to support that finding. The presumption that a Court of general jurisdiction, like that of the Baltimore City Court, would not allow matter to be introduced in evidence and submitted to the jury which was not admissible under the

pleadings, must prevail over any doubt which we may entertain upon the point. It is incredible that the plaintiff's counsel would have permitted such matter to be introduced without objection, if it had been inadmissible under the law of Maryland.

The plaintiff in the former action filed a declaration in the following form:

" Declaration, Baltimore City, to wit:

" J. II. Meredith, by George G. Hooper, his attorney, sues the Santa Clara Mining Association of Baltimore, a body corporate duly incorporated under the laws of Maryland.

" 1st. For money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendant.

" 2nd. And for work done and material provided by the plaintiff for the defendant at its request.

" 3rd. And for money lent by the plaintiff to the defendant.

" 4th. And for money paid by the plaintiff for the defendant at its request.

" 5th. And for money received by the defendant for the use of the plaintiff.

" 6th. And for money found to be due from the defendant to the plaintiff on account stated between them.

" And the plaintiff claims $20,000."

" Account.

" Santa Clara Mining Association of Baltimore, Dr., to J. H. Meredith:

" For services rendered during 1870, 1871, 1872, 1873, and 1874, in obtaining patents, negotiating loan in London, and various duties in California, Baltimore, Philadelphia, and New York:

" Gold...............................................$10,000.00
        Credited by:
    October 7th, 1874, cash received on account of
        ditto, gold.................................... 1,835.18

        Balance due, gold.......................$9,164.82."

To which the defendant pleaded as follows:

" And the said Santa Clara Mining Association of Baltimore, the defendant in this action, by J. D. Hambleton, its attorney, says: That it never was indebted as alleged. And for a second

plea says: That it did not promise as alleged. And for a third plea says: That the alleged cause of action did not accrue within three years before this suit."

Prior to 1834, a defendant might in England, under a plea of *non assumpsit*, give in evidence matters which showed that at the time of the commencement of the suit the plaintiff had no subsisting cause of action.

In *Brennan* v. *Egarn*, 4 Taunt. 164, Mansfield, C. J., says: "It is an extraordinary thing that *nil debet* expresses the sense of the general issue in *assumpsit*, much better than *non assumpsit*. For in *non assumpsit* may be given in evidence a release, or payment, or anything which shows that there was no cause of action at the time of the action brought; although the form of the issue is that the defendant did not undertake, whereas the truth may be that he has undertaken and has performed." That the same rule prevailed in this country until changed in most of the States by statutes, is sufficiently evident. In *Young* v. *Black*, 7 Cranch, 565, the Court, Story, J., delivering the opinion, says: "It has been long since established, that, under *non assumpsit*, the defendant may give in evidence anything which shows that no debt was due at the time when the action was commenced, whether it arise from an inherent defect in the original promise, or a subsequent discharge and satisfaction." In *Perry* v. *Aaron*, 1 Johns. 129, Kent, C. J., says: "And generally, whatever will constitute a good plea in bar may be given in evidence under *non assumpsit*."

The cases in which it was held, under the former system of pleading which prevailed in this country, that anything which showed that the plaintiff at the time of the commencement of his action had no subsisting cause of action might be taken advantage of under the general issue, are numerous. (*Wilt* v. *Ogden*, 13 Johns. 56; *Edson* v. *Weston*, 7 Cow. 278; *Sill* v. *Rood*, 15 Johns. 230; *Taft* v. *Montague*, 14 Mass. 282; *Manchester Iron Co.* v. *Sweeting*, 10 Wend. 163; *Sheets* v. *Baldwin*, 12 Ohio, 120.)

In *Young* v. *Rummell*, 2 Hill, 478, Bronson, J., for the Court, says: "Although in point of form the plea of *non assumpsit* puts nothing in issue but the making of the promise, it has been long settled that nearly every defense is admissible under that

plea which shows that there was not a subsisting cause of action at the time the suit was brought. Tender and set-off, which must be specially pleaded, are exceptions to the rule, because those defenses admit a good cause of action."

It is unnecessary to cite any more authorities upon the point that the defendant might, under the system of pleading which prevails in Maryland, have introduced in evidence, under the plea of *non assumpsit*, anything which would show that at the time of the commencement of his action the plaintiff had no subsisting cause of action. But the plea of *non assumpsit* was preceded by a plea that the defendant "never was indebted as alleged," and that, under the rule above commented on, as Lord Mansfield says in *Brennan* v. *Egarn*, *supra*, "expresses the sense of the general issue in *assumpsit* much better than *non assumpsit*."

The rules of pleading in Maryland, so far as we are advised, are the same as they were when the rule to which we have alluded generally prevailed. If we treat the "account" filed by the plaintiff with his declaration as a bill of particulars, it appears that his claim was for services performed for the defendant. That being so, might not the defendant, under either the plea of *munquam indebitatus* or of *non assumpsit*, have introduced evidence to show that at the time of the commencement of that action the plaintiff had in his hands money which he had received for the use of the defendant while in its employment, and, as its agent, sufficient, or more than sufficient, to compensate him for said services?

We are not prepared to say, that, under the rules of pleading which prevailed in Maryland at that time, it could not. And it necessarily follows that, until convinced that it could not, we cannot, in view of the established fact that it did introduce such evidence, reverse the judgment and order of the Court below.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.