## NAFTZGER v. GREGG et al.*

### Nos. 14,705, 14,704; August 4, 1892.

#### 31 Pac. 612.

**Bills and Notes — Pleading.—In an Action on Two Notes** the answer admitted the allegations in the complaint, but set out a contract for a deed to defendant from plaintiff, with the averment that the execution of the contract and the making of the notes were parts of the same transaction, and that the contract was the only consideration for the notes, and that no deed had been tendered by plaintiff. Held, that the complaint was defective, and presented no cause of action, in that it did not set out the contract, and allege performance by plaintiff of its conditions.

**Bills and Notes—Res Judicata.—Where a Judgment for Defendant** has been rendered in an action on notes because the complaint did not set out the contract under which the notes were given, and allege performance of its conditions, which performance was necessary for a recovery upon the notes, and where there is no issue tendered in the complaint or answer as to the performance of this condition, this judgment is no bar to an action on the notes and the contract.

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Two actions by A. N. Naftzger against W. F. Montague and others on two promissory notes. From a judgment for defendants in both actions, plaintiff appeals. Affirmed as to one action and reversed as to the other.

E. B. Stanton and Chapman & Hendrick for appellant; Goodcell & McIntyre for respondents.

VANCLIEF, C.—The above-entitled causes between the same parties and relating to the same subject matter will be considered together for convenience, if not of necessity. As No. 14,705 was first tried, it will be first stated. It is an action upon two promissory notes made by the defendants, each for $2,500, dated September 8, 1887, one payable one year, and the other two years, after date. It was commenced March 10,

---

*For subsequent opinion in bank, see 99 Cal. 83, 37 Am. St. Rep. 23, 33 Pac. 575.

1890.   The complaint is in two counts in the usual form, and is, on its face, sufficient.   The answer of the defendants expressly admits each and every allegation of the complaint, but alleges that there was no consideration for said notes, or either of them, other than a written contract of even date with the notes, whereby the plaintiff agreed to sell and convey to the defendants, and the defendants agreed to buy from plaintiff, a certain lot or parcel of land, and to pay therefor $7,000— $2,000 upon the execution of the contract, $2,500 in one year, and $2,500 in two years, from date of contract; the deferred payments being evidenced by the two notes described in the complaint.   A copy of the contract is exhibited as a part of the answer, and contains the following: "In the event of a failure to comply with the terms hereof by the said parties of the second part [defendants] the said party of the first part shall be released from all obligations in law or equity to convey said property, and said parties of the second part shall forfeit all right thereto; and the said party of the first part, on receiving such payments at the time and in the manner above mentioned, agrees to execute and deliver to the parties of the second part, or to their assigns, a good and sufficient deed conveying said land free and clear of all encumbrances made, done or suffered by the said party of the first part; . . . . and that time is of the essence of this contract."   The answer further alleges that the defendants paid $2,000 at the time the contract was executed, and that "the plaintiff has not executed to the defendants the deed provided for in said contract, or any deed of conveyance of said land, or any part thereof."   The court found as facts the execution of the contract; that defendants paid thereon, at the time it was executed, $2,000; that the notes in suit were given at the same time, as a part of the same transaction; and that "the plaintiff has not executed to the defendants the deed provided for in said contract, or any deed of conveyance of said land, or any part thereof"; and as conclusions of law found "that the plaintiff is not entitled to any relief in this action," and "that the defendants are entitled to judgment against the plaintiff for their costs"; and rendered judgment accordingly on July 29, 1890.   The plaintiff appealed from this judgment on July 9, 1891, upon the judgment-roll, without a bill of exceptions.

No. 14,704 is an action (commenced October 11, 1890) upon the same two promissory notes to recover the amount alleged to be due thereon, and to enforce the vendor's lien upon the lot described in the contract of sale. The complaint differs from that in the former action (No. 14,705) only in that it sets out the contract of sale, alleges that the notes were made to secure the unpaid purchase money, and ''that, after the maturity of said promissory notes, and before the commencement of this action, the plaintiff tendered to said defendants a good and sufficient deed conveying to the defendants the said premises described in the said agreement, free and clear of all encumbrances made, done, or suffered by the plaintiff, . . . . and at the same time demanded of said defendants payment of the said promissory notes; but that said defendants then refused, and ever since have refused, to accept the said deed, and then refused, and ever since have refused, to pay the said promissory notes, or any part thereof''; and ''that at the time of the maturity of said promissory notes the plaintiff was, and ever since has been, and still is, ready, willing and able to carry out and perform his said agreement on his part, and to deliver to said defendants a good and sufficient deed conveying said premises to said defendants free and clear of all encumbrances made, done or suffered by the plaintiff; and he hereby offers to deliver such deed upon payment of said notes.'' In their answer to this complaint the defendants ''admit each and every averment thereof, except that as to the averment that the plaintiff was and is the owner of the land described in said amended complaint these defendants are not sufficiently informed to enable them to answer the same, and therefore they deny that the plaintiff was at any of the times mentioned in the complaint, or that he now is, the owner of said land, or able to convey a good title thereto to defendants.'' For a further answer they pleaded the former judgment in the above-entitled cause, No. 14,705, as a bar to this action. The plaintiff demurred to each branch of the answer on the ground that it stated no defense. The demurrer was overruled, and the cause was tried by the court. The court found as facts that the former action was between the same parties and for the same cause, and that it was therein adjudged and determined that the averments of the answer therein were true, that the plaintiff had failed to per-

form said contract of sale on his part, and that he was not entitled to any relief against the defendants on account of said notes or the purchase price of said land; and as a conclusion of law found that by the judgment in the former action the plaintiff is estopped from maintaining this action; and accordingly rendered final judgment in favor of defendants on July 7, 1891. From this judgment plaintiff appealed on July 9, 1891, upon the judgment-roll containing a bill of exceptions.

1. On the appeal from the former judgment (No. 14,705) the appellant contends, in substance, that no defense to the action was either pleaded by defendants or found by the court, and that plaintiff was entitled to judgment upon the pleadings and findings of fact. It is true that the averment in the answer that the plaintiff had not executed to defendants the deed provided for in the contract, and the finding of the court that this averment was true, were entirely immaterial, since the plaintiff was under no obligation to execute the deed until the purchase money was tendered or paid, and could not be put in default without a tender of the purchase money by the defendants: Englander v. Rogers, 41 Cal. 420; Newton v. Hull, 90 Cal. 487, 27 Pac. 429. But the setting out of the contract, and the averment that the execution of the contract and the making of the notes were parts of the same transaction, and that the contract was the only consideration for the notes, were material, since it thereby appeared that "the covenants of the vendor and vendee were mutual and dependent, and neither could put the other in default, except by tendering a performance in his own part, unless the other party either waived the tender, or by his conduct rendered it unnecessary": Englander v. Rogers, supra. And also that the complaint was defective in that it did not set out the contract of sale, nor aver that plaintiff had tendered to defendants a deed of the land. The averment of this new matter in the answer was a complete defense to the prima facie cause of action stated in the complaint, and the finding by the court that this new matter was true supports the judgment. It may be that the plaintiff might have obtained leave to amend his complaint by adding the averment that he had tendered a deed before the commencement of the action, if the fact had been so. But, for some reason which does not appear, he did

not so amend his complaint. There was no averment in the pleading of either party, and consequently no finding, as to whether or not the plaintiff had tendered a deed; yet facts were pleaded by defendants, and found by the court, from which it resulted as a legal conclusion that the plaintiff had no cause of action. The plaintiff had failed to set forth that part of the contract which required him to tender a deed as a necessary condition of his right to recover on his notes, and also failed to state that he had performed that condition; and the new matter stated in the answer only partially supplied the deficiency, as it contained nothing in respect to a tender of the deed. It devolved upon the plaintiff to allege and prove that he had tendered a deed; otherwise it did not appear that the defendants were in default. The authorities, in addition to those above cited, which I think warrant this conclusion, are numerous, and a large collection of them may be found in 2 Bingham on Real Property, page 716, chapter 12 et seq.

2. On the appeal from the subsequent judgment (No. 14,704) the appellant contends, first, that his demurrer should have been sustained to that part of the answer which denies that plaintiff was the owner of the land he agreed to sell to defendants, or able to convey a good title thereto, and puts the denial on the ground that "these defendants are not sufficiently informed to enable them to answer the same." Section 437, Code of Civil Procedure, provides: "If the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground." It seems obvious that the denial in this case is not in substantial compliance with the code, since it does not state that defendants have no belief on the subject sufficient to enable them to answer. But I think the point is of no importance, for the reason that the court made no finding upon the issue attempted to be made by this denial, and placed its decision solely upon the ground that the former judgment is a bar to this action. But the principal point relied upon for a reversal of this judgment is that the evidence does not justify the finding "that the cause of action alleged in the complaint was adjudicated and determined by the prior judgment," and I think this point should be sustained. The only evidence

having any tendency to prove this finding was the judgment-roll in the former action; and, as we have seen, the only material issues taken or tendered by the answer in that action related to the execution of the contract of sale, and the relation of that contract to the notes upon which that action was brought, it being alleged in the answer that the notes and the contract were executed at the same time, as parts of the same transaction, and that the contract was the only consideration for the notes, so that the notes and the contract were mutually dependent upon each other, and really constituted only one contract. Upon the issue thus tendered the court properly found for the defendants, and there is no exception to this finding. By the exhibition of the contract as a part of the answer not denied it was made to appear that, in order to put the defendants in default as to payment of the notes, the plaintiff was bound to tender (though not to execute) a deed for the land. As to whether the plaintiff tendered a deed before the commencement of that action, there is no allegation in the pleadings, and consequently no issue and no finding. Still, upon the findings that were made, the plaintiff, as above shown, was not entitled to recover on the notes; not, however, because it was determined by the court that he had not tendered a deed, but only because his complaint was defective in that it did not set out the whole contract and allege that plaintiff had tendered the deed. But, as this defect did not appear upon the face of the complaint, it could not have been reached by demurrer. It therefore became necessary for the defendants to set forth the omitted branch of the contract, as they did; and they might have gone further, and averred that plaintiff had not tendered a deed, and thus have tendered an issue upon which the decision of the court would have been conclusive as to whether the plaintiff had tendered a deed: Gilmore v. Insurance Co., 55 Cal. 123; Schenck v. Insurance Co., 71 Cal. 28, 11 Pac. 807. But in addition to setting out the omitted part of the contract, the defendants only averred that the plaintiff had not executed the deed. This averment was immaterial. In the former action there was no issue, no admission by the pleadings, nor any finding by the court, as to whether plaintiff had tendered a deed. Nor was it necessary to the judgment rendered in that action that there should have been a finding,

either express or implied, upon that question. Counsel for respondents contend, however, that under the pleadings that question might have been tried and determined, and that the judgment is conclusive upon all questions which might have been tried, although not expressly decided. But the judgment-roll in the former action furnishes no ground for an implication or presumption that there was any trial or determination as to whether plaintiff tendered a deed. As to that matter the pleadings and the findings are silent, and no decision in regard to it was necessary to sustain the judgment rendered. Under these circumstances, there is not only no presumption that the question was tried, but the record shows that it could not properly have been tried: Meredith v. Santa Clara etc. Assn., 56 Cal. 178. I think the former judgment (No. 14,705) should be affirmed, but that the latter judgment (No. 14,704) should be reversed, and the cause remanded for a new trial.

We concur: Haynes, C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion it is ordered that the judgment in Naftzger v. Gregg et al. (No. 14,705) be affirmed, and that the judgment in Naftzger v. Montague et al. (No. 14,704) be reversed, and said last-named cause be remanded for a new trial.