WALTER J. EATON, RESPONDENT, v. EPHRAIM D. WALDRON AND ANOTHER, APPELLANTS.

*Sale of a commodity — opportunity to the vendee to inspect it — sale in bulk and not by sample — caveat emptor.*

A vendee of lumber examined it in piles before the sale was consummated, and removed and personally inspected a portion of it, and the whole bulk was open to his examination and inspection had he been disposed to make such examination.
*Held*, that the vendee must, in the absence of any proof of fraud or concealment on the part of the vendor, be deemed to have made the purchase upon his personal inspection of the lumber in bulk and not by sample, and that, therefore, there was no implied warranty that the bulk was equal in quality to the portions specially examined by the vendee.
To constitute a sale by sample there must be an agreement to sell by sample, or such an understanding that the sale is by sample, as to excuse the purchaser from examining the bulk of the commodity.
The maxim *caveat emptor* applies to a sale of personal property, in the absence of an express warranty or fraud, when the vendee has an opportunity to inspect the commodity and the vendor is neither the manufacturer nor grower of the article he sells.

APPEAL by the defendants, Ephraim D. Waldron and George E. Waldron, from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 26th day of April, 1892, in favor of the plaintiff, on the report of a referee, awarding the plaintiff $334.55, with interest and costs.

*William P. Cantwell, Jr.*, for the appellants.

*George Lawyer*, for the respondent.

MAYHAM, P. J.:

The complaint in this action alleges that the defendants purchased of one Hill a quantity of lumber at the agreed price of $339.55, and at the time of the sale and delivery of the same, Hill agreed to deduct from the price the sum of five dollars for the transportation of the lumber.

The complaint also alleges a transfer of the claim from Hill to the plaintiff before the commencement of this action. The answer puts in issue the plaintiff's title to the claim, and, among other things, charges that at the time of negotiating the sale of the lumber by Hill to the defendants, he falsely and fraudulently warranted and recommended that the timber was of a particular quality, and alleges that it was not of the quality recommended.

The proof discloses that at the time of negotiating the sale of this lumber, one of the defendants examined the lumber in the pile, and took off a number of pieces of the lumber, and there is a conflict in the evidence as to whether the lumber examined by the defendants was a fair sample of the average of the entire pile or quantity claimed by the plaintiff to have been sold to the defendants.

The lumber was carried to the defendants' mill, or the mill designated by them, and was there, by their direction, in part planed, when the defendants determined to rescind the contract, and caused the lumber to be piled, and gave notice to the vendor, Hill, that the same was subject to his order.

There was no evidence in the case that Hill committed any fraud upon the defendants, and the referee refused to find that he, at the time of the sale, recommended the lumber not examined to correspond with that examined by the defendants.

The defendants, having taken possession of this lumber changed its character, not returning the same to the plaintiff or his assignor, were not, under the circumstances of this case, in a condition to rescind the contract *in toto.*

The most that they could do under the circumstances, if that was a breach of the warrantee as to the quality of the lumber, was to set up such breach, and abate from the plaintiff's claim the amount of damage sustained by reason of the breach of warranty.

But we think the circumstances of this case establish that this was not a sale by sample. One of the defendants' firm examined

the lumber in the piles before the sale, removed and personally inspected a portion of the same, and the whole bulk of the lumber was open to his examination and inspection if he had been disposed to make such examination; and in the absence of any proof of fraud or concealment on the part of the vendor, the purchaser must be deemed to have made the purchase upon his personal inspection of the commodity in bulk, and not by sample.

To constitute a sale by sample there must be an agreement to sell by sample, or such an understanding that the sale is by sample as to excuse the purchaser from examining the bulk of the commodity. (*Beirne* v. *Dord*, 5 N. Y., 95; *Ames* v. *Jones*, 77 id., 614.)

Nor do we think that the agreement between the parties was an express warranty as to the quality of this lumber, and the rule seems well settled that a sale of personal property in the absence of an express warranty or fraud, when the buyer has an opportunity to inspect the commodity, and the vendor is neither the manufacturer or grower of the article he sells, the maxim *caveat emptor* applies.

The rights and liabilities of vendor and vendee when there is no express warranty or fraud, and when the vendee has an opportunity to examine the article sold, and does examine a portion of the same, are fully discussed in the United States Supreme Court by DAVIS, J., in *Barnard* v. *Kellogg* (10 Wall., 383). In that case a broker, having the plaintiff's wool for sale, sent samples to the defendant, with a statement of the price, and the defendant sent an offer for the same, if the wool all around equaled the sample, and the plaintiff's broker gave notice of the acceptance of the offer, provided the defendant examined the wool on a day proposed.

On the appointed day the defendant examined a portion of the wool, and had a full and fair opportunity of examining the whole of it, although the same was in bales. Sometime after, on opening the bales, they were found to be damaged and rotten internally.

The court held that it was not a sale by sample; that there was no express warranty; and that the plaintiff, under the circumstances of that case, was not liable upon an implied warranty; and that the defendant having had a full opportunity to examine the wool, and having done so in part, was presumed to have relied upon his examination and judgment of the quality of the commodity in bulk, and

the learned judge relates the well-settled rule as follows : " No principle of the common law has been better established or more often affirmed, both in this country and in England, than that, in sales of personal property, in the absence of express warranty, where the buyer has an opportunity to inspect the commodity, and the seller is guilty of no fraud, and is neither the manufacturer nor grower of the article he sells, the maxim *caveat emptor* applies.    Such a rule, requiring the purchaser to take care of his own interests, has been found best adapted to the wants of the trade in the business transactions of life."

" And he cannot relieve himself and charge the seller on the ground that an examination will occupy time and is attended with labor and inconvenience.

" If it is practicable, no matter how inconvenient, the rule applies.    *    *    *

" Of such, universal acceptance is the doctrine of *caveat emptor* in this country that the courts of all the States in the Union where the common law prevails, with one exception, South Carolina, sanction it."

The same rule obtains in this State.    In *Gaylord Manufacturing Company* v. *Allen* (53 N. Y., 515) it was held that upon an executory contract for the sale of a chattel, fraud or latent defect, not having been alleged, acceptance after an opportunity to examine is conclusive upon the question of the quality of the goods, whether the agreement, as to quality, is express or implied.

In *Oneida Manufacturing Society* v. *Lawrence* (4 Cow., 440) it was held that in an ordinary sale, when the vendee has an opportunity to examine the commodity, the vendor is not answerable for latent defects, without fraud or an express warranty, or such an affirmation or representation as is tantamount to a warranty and not the mere expression of an opinion.

The law upon this subject is clearly stated in 2 Kent's Commentaries ([3d ed.], 484, 485) as follows : " There is no breach of any implied confidence that one party will not profit by his superior knowledge, as to facts and circumstances open to the observation of both parties or equally within the reach of their ordinary diligence, because neither party reposes in any such confidence, unless it be specially tendered or required.    Each one, in ordinary cases, judges

for himself and relies confidently, and, perhaps, presumptiously upon the sufficiency of his own knowledge, skill and diligence.

" The common law affords to every one reasonable protection against fraud in dealing, but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly or a careless indifference to the ordinary and accessible means of information.

" It reconciles the claims of convenience, with the duties of good faith, to every extent compatible with the interest of commerce.

"This it does by requiring the purchaser to apply his attention to those particulars which may be supposed within the reach of his observation and judgment and the vendor to communicate those particulars and defects which cannot be supposed to be immediately within the reach of such attention. If the purchaser be wanting in attention to these points where attention would have been sufficient to protect him from surprise or imposition, the maxim *caveat emptor* ought to apply."

Applying the rules as above laid down, both upon principle and authority, to the case at bar we do not see how the judgment in this case can be reversed.

The case shows that the vendor invited the attention of the defendants to the examination and inspection of this lumber, and the defendants made such examination and inspection, as far as desired by them, before the purchase; the referee finds that there was no express warranty, and, as the evidence upon that point is somewhat in conflict, we think, upon the whole evidence upon that subject, his report cannot be disturbed by this court, as the sale was not by sample; there was no warranty, either express or implied, that the bulk of the lumber was as good as the portions examined, especially by the defendants. Nor does the referee find, or the proof establish, that the bulk differed from the part so examined.

We have examined the various exceptions taken by the learned counsel for the defendants to the findings and refusals to find by the referee, and the other exceptions taken by the defendants on the trial, and see no error for which the judgment should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.